# EXHIBIT 1

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JUL 17 2019

RICK WARREN
COURT CLERK

36

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

TAMMY COVINGTON, and )
JEFFREY COVINGTON, )
                 )
            Plaintiffs, )
vs. )
                 )
CSAA FIRE AND CASUALTY )
INSURANCE, d//b/a )
AAA FIRE AND CASUALTY INSURANCE )
COMPANY, INC., )
                 )
            Defendant. )

Case No. CJ-2019-3967

**JURY TRIAL DEMANDED**

## PETITION

COMES NOW the Plaintiffs, Tammy and Jeffrey Covington ("Covington"), and for their cause of action against the Defendant, AAA Fire and Casualty Insurance Company, Inc. (AAA or Defendant), allege and state:

## PARTIES, VENUE, JURISDICTION

1.    Plaintiffs are individuals residing at 17121 S.E. 59th St. Choctaw, Oklahoma County, Oklahoma ("Residence").

2.    Defendant is a foreign property and casualty insurance company, registered to do business in the State of Oklahoma, which provides property insurance coverage to Plaintiffs.

3.    The real property involved in this lawsuit is located in Oklahoma County and thus this Court has jurisdiction.

## FACTUAL BACKGROUND

4.    Plaintiffs contracted with Defendant to provide property insurance coverage to Plaintiffs' Residence. The policy provided in part that Defendant would indemnify

Plaintiffs for any harm caused to Plaintiff's Residence caused by, among other perils, leaking from a broken HVAC condensate drain line.

5.     On August 8, 2017, Plaintiffs suffered from a sudden discharge of water from an air conditioner condensate drain line, causing severe damage to Plaintiffs' wood flooring and subflooring throughout the property.

6.     Plaintiffs immediately repaired the drain line and obtained fans and air-movers to dry the flooring, reasonably believing the flooring to be damp only on the surface. Plaintiffs, however, were unaware that a significant amount of water leaked into the space hidden beneath the flooring.

7.     In May 2018, after noticing the flooring was still having issues, Plaintiffs inspected the flooring and obtained moisture readings. It was only at this time that Plaintiffs discovered significant moisture damage to the flooring and subflooring. Plaintiffs then immediately notified Defendant of the damage to Plaintiffs' residence and demanded that Defendant indemnify it for the harm thereto, pursuant to the provisions of the insurance policy.

8.     Defendant refused to indemnify Plaintiffs. Instead, Defendant found any and all possible excuses not to do so and treated Plaintiffs with extreme aggression and hostility in an attempt to dissuade Plaintiffs from filing a claim or beginning repairs to the property.

9.     Plaintiffs requested permission multiple times to repair and begin mitigating their damages. However, Defendant and its agents refused to give permission to do so. Defendant and its agents were openly hostile to Plaintiffs and their hired public adjuster and refused to cooperate during the claims process.

2

## BREACH OF CONTRACT

10.    The claim made by Plaintiffs was for a loss which is covered by the policy. Plaintiffs have acquiesced to multiple demands of Defendant and submitted voluminous information about the loss to the Residence. However, Defendant delayed any decision, refused to allow Plaintiffs to begin mitigating damages, and ultimately wrongfully denied Plaintiffs' claim, failing to pay what is required under the policy.

11.    Defendant has wrongfully denied coverage and has failed to compensate Plaintiffs for the covered claims, and in doing so has breached the agreement between Plaintiffs and Defendant.

## BAD FAITH

12.    Defendant is under a duty to act in good faith and to deal fairly with the Plaintiff.

13.    Defendant has failed to pay for a claim which it knew, or through reasonable diligence should have known, is a covered loss.

14.    Defendants have wrongfully, unreasonably, and intentionally failed to make payment to Plaintiffs for covered claims and has breached its duty to deal in good faith and fairly with Plaintiffs. The acts of bad faith by Defendant include, but are not limited to:

      a.    Failure to properly investigate the loss and claim;

      b.    Failure to assist its insured in adjusting the loss and presentation of the claim;

      c.    Failure to timely pay the claim of the insured;

      d.    Failure and refusal to pay the amount of loss on a covered claim.

15.    Because of the wrongful and bad faith denial of coverage for repair to Plaintiffs' residence, and the failure to properly process Plaintiffs' covered claims for damages, Plaintiffs have suffered additional damages.

**PUNITIVE DAMAGES**

16.     Defendant's actions in denying any payment for the covered claims of Plaintiff is unreasonable, intentional, and in total disregard for the rights of Plaintiff, thus entitling Plaintiffs to punitive damages from Defendant.

17.     Defendant should be punished for its unreasonable actions and Defendant should be made an example of, so that other insurers similarly situated are dissuaded from taking the same unreasonable actions as this Defendant.

WHEREFORE, Plaintiffs pray for judgment for actual and punitive damages against Defendant for an amount in excess of the amount required for diversity jurisdiction, along with reasonable costs of litigation, attorney fees and any other relief the Court finds to be just and equitable.

Respectfully submitted,

Douglas J. Shelton, OBA #8159
Erica R. Mackey, OBA #32057
dshelton@sheltonlawok.com
emackey@sheltonlawok.com
Shelton Walkley Mackey
7701 S. Western Ave., Suite 201
Oklahoma City, OK 73139
(405) 605-8800 - office
(405) 601-0677 - Facsimile
Attorney for Plaintiffs Tammy and Jeffrey Covington.

ATTORNEY'S LIEN CLAIMED

4