IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TAMMY COVINGTON and JEFFREY COVINGTON,<br><br>      Plaintiffs,<br><br>vs.<br><br>CSAA FIRE AND CASUALTY INSURANCE, d/b/a AAA FIRE AND CASUALTY INSURANCE COMPANY, INC.<br><br>      Defendant. | Case No. 19-cv-00718-PRW |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant CSAA Fire and Casualty Insurance ("CSAA" or "Defendant"), based upon present information and belief, for its Answer to Plaintiffs' Petition, denies each and every material allegation contained in the Petition, except as may be hereinafter admitted, and further alleges and states as follows:

1. Upon information and belief, CSAA admits the allegations contained in Paragraph 1 of Plaintiffs' Petition.

2. CSAA admits the allegations contained in Paragraph 2 of Plaintiffs' Petition.

3. CSAA admits the allegations contained in Paragraph 3 of Plaintiffs' Petition.

4. CSAA admits it issued a policy of homeowner's insurance to Plaintiffs, which provided specified coverages to Plaintiffs, subject to the conditions, terms, exclusions, and limitations in the policy. In all other respects, the allegations contained in Paragraph 4 of Plaintiffs' Petition are denied.

5. CSAA admits Plaintiffs experienced a water discharge on August 8, 2017, which was the cause of certain damage to Plaintiffs' home. In all other respects, the allegations contained in Paragraph 5 of Plaintiffs' Petition are denied.

6. CSAA admits Plaintiffs carried out certain superficial attempts to repair the cause of the water leak and dry the floors. However, Plaintiffs failed to obtain any professional assistance or advice concerning the nature and extent of the damage, to take adequate remedial measures to mitigate further harm or to inform CSAA of the incident to allow for timely investigation and repairs. In all other respects, the allegations contained in Paragraph 6 of Plaintiffs' Petition are denied.

7. CSAA is without sufficient information to admit or deny when Plaintiffs became aware of the extent of damage to the flooring and subflooring, although Plaintiffs were plainly aware that the flooding had occurred on August 8, 2017. CSAA admits Plaintiffs contacted CSAA to make a claim in May 2018, regarding the August 8, 2017 incident and existing damage to the floor. In all other respects, the allegations contained in Paragraph 7 of Plaintiffs' Petition are denied.

8. CSAA denies the allegations contained in Paragraph 8 of Plaintiffs' Petition in their entirety.

9. CSAA denies the allegations contained in Paragraph 9 of Plaintiffs' Petition in their entirety.

10. CSAA denies the allegations contained in Paragraph 10 of Plaintiffs' Petition in their entirety.

11. CSAA denies the allegations contained in Paragraph 11 of Plaintiffs' Petition in their entirety.

12. Paragraph 12 of Plaintiffs' Petition calls for a legal conclusion. Generally, CSAA agrees that Oklahoma law requires first party insurers to treat their insureds fairly and in good faith, but the limitations and conditions associated with that duty are often at issue.

13. CSAA denies the allegations contained in Paragraph 13 of Plaintiffs' Petition in their entirety.

14. CSAA denies the allegations contained in Paragraph 14 of Plaintiffs' Petition in their entirety.

15. CSAA denies the allegations contained in Paragraph 15 of Plaintiffs' Petition in their entirety.

16. CSAA denies the allegations contained in Paragraph 16 of Plaintiffs' Petition in their entirety.

17. CSAA denies the allegations contained in Paragraph 17 of Plaintiffs' Petition in their entirety.

18. CSAA denies the allegations contained in the "Wherefore" Paragraph of Plaintiffs' Petition in their entirety.

## AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a claim against CSAA upon which relief can be granted.

2. Upon information and belief, CSAA's investigation, handling, and evaluation of Plaintiffs' claim was at all times reasonable, thus barring Plaintiffs' bad faith claim.

3. A legitimate dispute exists as to the cause and/or value of Plaintiffs' claim, thus barring any claim by Plaintiffs against CSAA for bad faith.

4. Plaintiffs may be attempting to seek compensation for defects and/or damages which are specifically excluded in the Policy.

5. The Policy issued by CSAA contains exclusions, provisions and/or endorsements which preclude or limit coverage in whole or in part.

6. CSAA's actions, at all times, have been reasonable and appropriate in response to Plaintiffs' excessive, unreasonable and inappropriate demands.

7. Plaintiffs' damages, if any, are limited by the amount set forth in the Policy Limitations provisions of the Policy. Plaintiffs' contractual damages cannot exceed the applicable Policy Limits.

8. Plaintiffs have failed to mitigate their alleged damages.

9. CSAA specifically and affirmatively alleges that Plaintiffs are not entitled to any award of punitive and/or exemplary damages, as Plaintiffs cannot demonstrate CSAA has breached the duty of good faith and fair dealing. As such, Plaintiffs cannot demonstrate by clear and convincing evidence that CSAA has breached the duty of good faith and fair dealing in a reckless fashion. In the unlikely event the issue of punitive and/or exemplary damages is submitted to the jury, CSAA specifically and affirmatively alleges that any

award of punitive and/or exemplary damages must be limited to the greater of $100,000 or the amount of actual damages awarded. *See* 23 O.S. §9.1 (B).

10. CSAA specifically excepts to Plaintiffs' Petition and prayer for relief, wherein Plaintiffs claim that they are allegedly entitled to an award of punitive damages. Plaintiffs have failed to give CSAA fair notice of what conduct predicates an exemplary damages theory of recovery and what conduct entitles Plaintiffs to a punitive/exemplary damages award. Plaintiffs should be required to re-plead and state with particularity the elements, facts and evidence allegedly warranting the imposition of punitive and/or exemplary damages.

11. Discovery may reveal that Plaintiffs failed to cooperate with CSAA in connection with its investigation of Plaintiffs' claims, thereby barring Plaintiffs' claims for breach of contract and bad faith.

12. Discovery in this matter has not yet begun; therefore, CSAA is unaware of all the defenses which it may be entitled to assert. Accordingly, CSAA reserves the right to further plead and/or answer should additional defenses become known to it.

WHEREFORE, CSAA requests that the Petition be dismissed with prejudice as against CSAA, that judgment be entered in CSAA's favor, and that CSAA be awarded its costs, including, if appropriate, reasonable attorney fees incurred in the defense of the action, and such other and further relief as the Court determines to be appropriate under the circumstances of this action.

Respectfully Submitted,

*s/Matthew C. Kane*
GERARD F. PIGNATO, OBA No. 11473
MATTHEW C. KANE, OBA No. 19502
RYAN WHALEY COLDIRON JANTZEN PETERS
 & WEBBER PLLC
900 Robinson Renaissance
119 North Robinson
Oklahoma City, OK  73102
Telephone:    (405) 239-6040
Facsimile:     (405) 239-6766
jerry@ryanwhaley.com
makne@ryanwhaley.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of August 2019, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to the following:

Douglas J. Shelton – dshelton@sheltonlawok.com
Erica R. Mackey – emackey@sheltonlawok.com

*s/Matthew C. Kane*
MATTHEW C. KANE