IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TAMMY COVINGTON and<br>JEFFREY COVINGTON,<br><br>        Plaintiffs,<br><br>vs.<br><br>CSAA FIRE AND CASUALTY<br>INSURANCE, d/b/a AAA FIRE AND<br>CASUALTY INSURANCE COMPANY, INC.<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 19-cv-00718-PRW<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference:      October 1, 2019 at 2:10pm

Appearing for Plaintiff:    Douglas J. Shelton, Shelton Walkley Mackey
                                   Erica R. Mackey, Shelton Walkley Mackey

Appearing for Defendant:  Gerard F. Pignato/Matthew C. Kane
                                   Ryan Whaley Coldiron Jantzen Peters & Webber, PLLC

**Jury Trial Demanded** ☑  **-  Non-Jury Trial** ☐

1. **BRIEF PRELIMINARY STATEMENT**. State <u>briefly</u> and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

   Plaintiffs allege that, on August 8, 2017, they suffered from a sudden discharge of water from an air conditioner condensate drain line, causing severe damage to their wood flooring and subflooring throughout the property. Plaintiffs state they immediately repaired the drain line and obtained fans and airmovers to dry the flooring, reasonably believing the flooring to be damp only on the surface but were unaware that a significant amount of water leaked into the space hidden beneath the flooring. However, in May 2018, after noticing the flooring was still having issues, Plaintiffs inspected the flooring and obtained moisture readings. It was only at this time that Plaintiffs discovered significant moisture damage to the flooring and subflooring. Plaintiffs then immediately notified Defendant of the damage to

1

Plaintiffs' residence.

Defendant acknowledges Plaintiffs experienced a water discharge which caused damage to Plaintiff's home, although Defendant's investigation determined the damage had occurred as the result of a leak that had occurred multiple times over several months. Defendants further acknowledge Plaintiffs made at least superficial attempts to repair the cause of the water leak and dry the floors. However, Plaintiffs failed to obtain professional assistance or advice concerning the nature of the damages, to take adequate remedial measures to mitigate further harm or to inform CSAA of the August 2017 incident to allow for timely investigations and repairs.

Plaintiffs contend Defendant breach the terms of the policy at issue and acted in bad faith in denying their claim. Defendant contends that its denial was in good faith, predicated on the terms of the policy.

2. **JURISDICTION**. State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

   28 U.S.C. § 1332(a) – The parties are diverse, and Plaintiffs' demand is in excess of $75,000.

3. **STIPULATED FACTS**. List stipulations as to all facts that are not disputed, including jurisdictional facts.

   a. The Court has jurisdiction over this matter.

   b. Venue is appropriate in this district.

   c. Plaintiffs were named insureds under Homeowners' Policy No. HO5-004008561 issued by Defendant.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

   a. Plaintiff: Plaintiff is seeking damages in contract for breach of contract and in tort for the Bad Faith denial of Plaintiffs' claims.

   b. Defendant: Defendant is not seeking any damages from Plaintiffs. Affirmative defenses have been enumerated in Defendant's answer and are adopted herein. Affirmative defenses are arguably waived if not raised in the first responsive pleading – if Defendant is unable to provide or support by way of admissible evidence any of its affirmative defenses through the course

of discovery, it will withdraw them.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

☐ Yes ☒ No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

Defendant anticipates it will file a Motion for Summary judgment based on the legal and undisputed facts presented.

7. **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?  ☒ Yes   ☐ No
If "no," by what date will they be made? _____

Defendant provided its initial disclosures on September 11, 2019.
Plaintiffs provided their initial disclosures on September 20, 2019.

8. **PLAN FOR DISCOVERY**.

   A. The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on September 20, 2019.

   B. The parties anticipate that discovery should be completed within  6   months.

   C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? 3 months.

   D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

      ☒ Yes ☐ No

   E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

☑ Yes ☐ No

To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.
<u>None at this time.</u>

F.  Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.
<u>None at this time.</u>

_____
___

9. **ESTIMATED TRIAL TIME**: <u>  2 days  </u>.

10. **BIFURCATION REQUESTED**: ☐ Yes ☑ No

11. **POSSIBILITY OF SETTLEMENT**:   ☐ Good   ☑ Fair   ☐ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

    A.  Compliance with LCvR 16.1(a)(1) - ADR discussion:  ☑ Yes   ☐ No

    B.  The parties request that this case be referred to the following ADR process:

        ☐ Court-Ordered Mediation subject to LCvR 16.3
        ☐ Judicial Settlement Conference
        ☐ Other _____
        ☑ None - the parties do not request ADR at this time.

13. <u>Parties consent to trial by Magistrate Judge</u>?   ☐ Yes    ☑ No

14. <u>Type of Scheduling Order Requested</u>.  ☑ Standard - ☐ Specialized  (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

    Submitted this _____ day of _____.

s/ Erica R. Mackey
Douglas J. Shelton, OBA #8159
Erica R. Mackey, OBA #32057
dshelton@sheltonlawok.com
emackey@sheltonlawok.com
SHELTON WALKLEY MACKEY
7701 S. Western Ave., Suite 201
Oklahoma City, OK 73139
(405) 605-8800 - office
(405) 601-0677 - Facsimile

*ATTORNEYS FOR PLAINTIFFS, TAMMY COVINGTON AND JEFFREY COVINGTON*

_s/Matthew C. Kane (with permission)_____
**GERARD F. PIGNATO (OBA NO. 11473)**
**MATTHEW C. KANE (OBA NO. 19502)**

Of the Firm:
**RYAN WHALEY COLDIRON JANTZEN PETERS & WEBBER PLLC**
900 Robinson Renaissance
119 North Robinson
Oklahoma City, OK 73102
Telephone: (405) 239-6040
Facsimile: (405) 239-6766
jerry@ryanwhaley.com
mkane@ryanwhaley.com

ATTORNEYS FOR DEFENDANT