IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TAMMY COVINGTON and JEFFREY COVINGTON, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | Case No. 19-cv-00718-PRW |
| CSAA FIRE AND CASUALTY INSURANCE, d/b/a AAA FIRE AND CASUALTY INSURANCE COMPANY, INC. | ) ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S UNTIMELY WITNESS LIST**

Defendant objects to each and every witness listed by Plaintiffs as Plaintiffs were obligated, pursuant to the Scheduling Order [Dkt. No. 12], to file their Final Witness and Exhibit Lists no later than March 1, 2020.  The Scheduling Order explicitly provides: "***Except for good cause shown, no witness will be permitted to testify and no exhibit will be admitted in any party's case in chief unless such witness or exhibit is included in the party's filed witness or exhibit list.***" (Emphasis in original).  Plaintiffs did not seek leave from the Court to file their untimely Witness List.  Plaintiffs did not show good cause as to why the Witness List was not timely filed.  As stated by Judge Dishman in a recent order, *Godfrey v. CSAA,* CIV-19-329-JD, Dkt. No. 88, at 2 (denying a request for CSAA to file out-of-time):

> Good cause generally requires the movant to show that the "scheduling deadlines cannot be met despite the movant's diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (quotation and bracketing omitted); *see also Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988-89 (10th Cir. 2019) (citing cases that explain

"failure on the part of counsel to proceed promptly with the normal processes of . . . trial preparation" is not good cause, and "the focus of the inquiry is upon the moving party's reasons for seeking modification") (internal quotation marks and citations omitted).

CSAA specifically objects to the inclusion of Norma Ortega. While listed as "Custodian of Records, CSAA," there is no suggestion whatsoever that she has "potential knowledge," which Plaintiffs define as "reviewed damage to Plaintiffs home and provided reports related to the same." Dkt. No. 19, at 2. Assuming Plaintiff intended Ms. Ortega to authenticate documents or establish such documents are business records, it is not clear that Ms. Ortega would be the proper witness for this purpose or that Plaintiff could unilaterally designate her for such a purpose. CSAA would note that, should Plaintiffs be allowed to proffer exhibits that are found within the claim file produced by CSAA to Plaintiffs, CSAA is willing to stipulate to the authenticity and nature of such business records, obviating the need for testimony by a custodian of records.

CSAA would further note that it has not consented to service through counsel as suggested by Plaintiffs' use of defense counsel's former address. CSAA will cooperate with Plaintiff as much as possible with respect to in-state employees, but CSAA does not authorize its attorneys to accept service on behalf of out-of-state employees/witnesses.

Respectfully submitted,

*s/ Joshua K. Hefner*
Gerard F. Pignato, OBA No. 11473
Matthew C. Kane, OBA No. 19502
Joshua K. Hefner, OBA No. 30870
RYAN WHALEY COLDIRON JANTZEN
  PETERS & WEBBER PLLC
400 North Walnut Avenue
Oklahoma City, Oklahoma 73104
Telephone: 405-239-6040
Facsimile: 405-239-6766
Email: jerry@ryanwhaley.com
mkane@ryanwhaley.com
jhefner@ryanwhaley.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2020, I electronically transmitted the attached document to:

Douglas J. Shelton – dshelton@sheltonlawok.com
Erica R. Mackey – emackey@sheltonlawok.com

*s/ Joshua K. Hefner*
JOSHUA K. HEFNER