**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

TAMMY COVINGTON and            )
JEFFREY COVINGTON,             )
                               )
            Plaintiffs,        )
                               )
vs.                            )         Case No. 19-cv-00718-PRW
                               )
CSAA FIRE AND CASUALTY         )
INSURANCE, d/b/a AAA FIRE AND  )
CASUALTY INSURANCE COMPANY, INC. )
                               )
            Defendant.         )

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT**

**1.  Plaintiffs Cite No Evidence or Facts to Support Their Allegation of Bad**
**Faith.**

Plaintiffs' Response is devoid of a single fact-or-evidence-based allegation of bad

faith conduct against CSAA. *See* Response, Doc. 24, throughout. Plaintiffs make the

conclusory statement that "the insurer and its agents did everything they could to find

reasons to deny the claim" [*Id.* at 19] yet cite no facts or evidence in support (because none

exist). Conclusions without evidence have no place in a court of law and should be

disregarded as pure speculation. In short, there is nothing in the record provided by

Plaintiffs (or by CSAA) that shows CSAA operated with an "intentional disregard of

uncontrovertible facts," conducted an "inadequate investigation," or acted in any manner

that would require the issue of bad faith (and, by extension, punitive damages) be put in

front of a jury.  *Shotts v. GEICO Gen. Ins. Co.*, 943 F.3d 1304, 1317 (10th Cir. 2019).

1

### A.  CSAA Had a Justifiable Reason to Deny Coverage.

Plaintiffs admit CSAA utilized three different individuals to conduct site inspections on the subject home. Response, Doc. 24, p. 6, admitting Defendant's UMF No. 13. Plaintiffs admit that CSAA timely investigated their claim. *Id.* at 9 (admitting Defendant's UMF No. 21). The inspections performed by, or on behalf of, CSAA, concluded that the issues with the water damage to Plaintiffs' home were the result of "a lack of moisture barriers and inadequate crawlspace ventilation" [Motion, Doc. 15, p. 5]; the "improperly installed …S-trap" drain on the HVAC unit [*Id.* at 6]; and "leaking for quite some time" from the HVAC unit [*Id.* at 7]. There is no allegation in Plaintiffs' Response (because no evidence exists to support the same) that the inspectors were biased, corrupt, or directed by CSAA to make the findings that they did. There is no allegation in Plaintiffs' Response (because no evidence exists to support the same) that CSAA ignored the reports of their investigators and denied the Plaintiffs' claim because of animosity, ill-will, or spite.

The inspections and the corresponding reports generated by, or on behalf of, CSAA demonstrate that, as a matter of law, CSAA had a justifiable reason to deny the Plaintiffs' claim. *Beers v. Hillory*, 2010 OK CIV APP 99, ¶26, 241 P.3d 285, 293 ("[w]here an insurer has demonstrated a reasonable basis for its actions, bad faith cannot exist as a matter of law"). Even if the Court agrees with Plaintiffs that there should have been coverage under the policy (which CSAA expressly denies), the Court should, at the very least, acknowledge that the Plaintiffs have presented no evidence or facts to support their purely speculative assertions that the actions of CSAA could be viewed reasonably by a jury as bad faith.

### B. The "Tone and Tenor" of One Phone Call is Not Evidence of Bad Faith Conduct.

Plaintiffs state that the "tone and tenor" of the Plaintiffs' only conversation with CSAA "led" Mr. Covington "to believe that CSAA would not cover the claim." Response, Doc. 24, p. 6, Response to Defendant's UMF No. 10. Plaintiffs do not tie this complaint to any allegation of bad faith conduct. *Id.*, throughout. A speculative belief based on tone and tenor (and not actual statements or actions) is simply not evidence of bad faith. In fact, on the very same phone call, Plaintiffs admit CSAA did not deny the claim and, instead, told Mr. Covington that a field adjuster would be sent out to the subject property. *Id.* at 6.

Because there is no evidence of bad faith conduct, the Plaintiffs' claim regarding the same should not be submitted to a jury. Likewise, the issue of punitive damages is ripe for summary adjudication in favor of the Defendant.

### 2. Plaintiffs' Own Admissions Show that CSAA Correctly Denied of Coverage Under the Policy.

Plaintiffs repeatedly assert that coverage for the water damage to their home should be covered by the applicable insurance policy because, somehow, the seepage or leakage of water damage was "unknown to all insureds" and was hidden beneath the floors. Response, Doc. 24, at 8, 11, and 17-18. This assertion does not comport with the facts the Plaintiffs admit and/or state in their Response. For example, Plaintiffs admit that the home suffered a noticeable water leak. *Id.* at 5. Plaintiffs state that Mr. Covington "investigated"[1]

---

[1] It is not clear why the Plaintiffs believe Mr. Covington's "investigation" into the cause of the leak was proper or sufficient to determine the cause of the leak, as the Plaintiffs readily admit Mr. Covington "is not an engineer and cannot speculate on what an engineer would find." *Id.* p. 9.

3

the leak. *Id.* Plaintiffs admit Mr. Covington - a few days *after* first noticing the water leak and conducting an "investigation" - witnessed sweating of the pipe under the house that was dripping straight onto the dirt. *Id.* at p. 6. These factual admissions, taken together, show that the Plaintiffs did, in fact, notice repeated leakage or seepage of water both above <u>and</u> under the floor. There simply is no basis for the claim that the repeated leakage or seepage of water was "unknown" to the Plaintiffs after the Plaintiffs have admitted to such facts. As a result, CSAA's denial of coverage was reasonable and based on the same information available to both CSAA and the Plaintiffs.

### A. Plaintiffs' Additional Material Fact ("AMF") No. 7 is Based on Language Not Found in the Contract.

Plaintiffs assert that the language from paragraph "2.d" – as seen on CSAA_COVINGTON 0345 – demonstrates that the Plaintiffs' claim should have been covered under the applicable policy.  Response, Doc. 24, p. 10, AMF No. 7.  However, the entire paragraph of "2.d" on CSAA_COVINGTON 0345 was replaced by the language found on CSAA_COVINGTON 0389. *See* Insurance Policy, attached in its entirety hereto as **EXHIBIT 1**, *compare* CSAA_COVINGTON 0345 with CSAA_COVINGTON 0389.

One of the significant changes in paragraph 2.d is the inclusion of the language "unless such seepage or leakage of 'water' or the presence or condensation of humidity, moisture or vapor <u>is unknown to all 'insureds'</u> and is hidden within the walls or ceilings or beneath the floors." *Id.* (emphasis added). As previously demonstrated, the Plaintiffs knew about repeated seepage or leakage of water both on the day they first discovered the water in their home, and subsequently when water was found under the home dripping onto the

dirt. *See* "2. Plaintiffs' Own Admissions Show that CSAA Correctly Denied of Coverage Under the Policy," *supra*. As a result, Plaintiffs may claim they were "oblivious" to the damage before the water first surfaced in the home, but after the water manifested there, and after Mr. Covington saw additional water leakage days later, there is no dispute that the water damage was ongoing and the Plaintiffs <u>knew</u> the same.

### 3. Plaintiffs Present No Evidence to Support an Award of Punitive Damages.

For punitive damages to be awarded, there must be evidence of wanton or reckless disregard of the rights of others, and/or of oppression, fraud, or malice. *See Cooper v. National Union Fire Ins.,* 1996 OK CIV APP 52, 921 P.2d 1297, *and* 23 O.S. § 9(A).  A thorough review of Plaintiffs' Response shows there is a total lack of facts or evidence to support a finding that any of the actions by CSAA could warrant an award of punitive damages[2].  *See* "Item 1. Plaintiffs Cite No Evidence or Facts to Support Their Allegation of Bad Faith," *supra*. In fact, the Plaintiffs do not even mention punitive damages in their entire Response. *See* Response, Doc. 24, throughout.

---

[2] Additionally, it is settled law in Oklahoma that an award of punitive damages cannot stem solely from a breach of contract theory of recovery. *See Wilspec Technologies, Inc. v. DunAn Holding Group, Co., Ltd.* 2009 OK 12, ¶17, 204 P.3d 69, 74 ("[p]unitive damages are not recoverable for a breach of contract unless the conduct constituting the breach is also a tort for which punitive damages are recoverable") (internal citations omitted).  Because the Plaintiffs fail to provide any facts or evidence to support a claim of bad faith, the only remaining possibility (one that CSAA expressly denies) is recovery under a breach of contract theory.  In that case, no punitive damages can be awarded. Thus, under no reasonable scenario can a claim for punitive damages be presented to the jury in this case.

In short, with a lack of any evidence or facts to support an award of punitive damages, the claim for the same should be removed from this suit and never presented to a jury.

WHEREFORE, the above considered in conjunction with Defendant's Motion for Summary Judgment [Doc. 15], the Defendant respectfully requests the Court rule in its favor and find that the Defendant did not breach the insurance contract, did not act in bad faith and, as a result, punitive damages are not appropriate.

Respectfully Submitted,


*s/Joshua K. Hefner*
GERARD F. PIGNATO, OBA No. 11473
MATTHEW C. KANE, OBA No. 19502
JOSHUA K. HEFNER, OBA No. 30870
RYAN WHALEY COLDIRON JANTZEN PETERS
 & WEBBER PLLC
400 North Walnut Avenue
Oklahoma City, OK  73104
Telephone:   (405) 239-6040
Facsimile:    (405) 239-6766
jerry@ryanwhaley.com
mkane@ryanwhaley.com
jhefner@ryanwhaley.com


*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of March, 2020, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing.  Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to the following:

Douglas J. Shelton – dshelton@sheltonlawok.com
Erica R. Mackey – emackey@sheltonlawok.com


*s/Joshua K. Hefner*
JOSHUA K. HEFNER