IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) TAMMY COVINGTON, and<br>(2) JEFFREY COVINGTON<br><br>PLAINTIFFS,<br><br>vs.<br><br>(1) CSAA FIRE AND CASUALTY INSURANCE, d/b/a AAA FIRE AND CASUALTY INSURANCE COMPANY, INC.<br><br>DEFENDANT. | Case No. CIV-19-718-PRW<br>(formerly Oklahoma County<br>Case No. CJ-2019-3967) |

## APPLICATION TO COURT TO ACCEPT FILED WITNESS AND EXHIBIT LIST OUT OF TIME

COMES NOW the Plaintiffs, Tammy and Jeffrey Covington, and pursuant to Fed R. Civ. Procedure 6 (B)(1)(b) hereby requests that this court accept their witness list [Doc #19] and exhibit list [Doc #20] which were inadvertently untimely filed. In support thereof Plaintiffs show the court the following:

1. Plaintiff's counsel mistook the deadline for filing these documents for March 11th. The correct deadline was March 1.

2. Plaintiff's counsel filed their lists on March 11 in good faith.

3. All exhibits and witnesses were already known to all parties pursuant to the parties' initial disclosures and discovery as well as prior correspondence between the parties before this lawsuit.

1

4.     Due to the already acknowledged and well-known exigent circumstances of the Covid-19 pandemic, all Discovery deadlines and remaining pre-trial deadlines have been extended by court order for 120 days [Doc #29].

5.     Defendants have nonetheless objected to "each and every" witness and exhibit of Plaintiffs as a result of the untimely filing

6.     Defendants have not identified any reason that they are prejudiced by this delay.

## BRIEF IN SUPPORT

Rule 6(b)(1)(B) provides that for any act that must be done by a party to a federal court proceeding within a specified time frame, the court may "for good cause, extend the time . . . after the time has expired if the party failed to act because of excusable neglect."

There are several factors the court must consider when determining excusable neglect.  These factors are: 1) the danger of prejudice to the non-moving party, 2) the length of the delay and its potential impact on judicial proceedings, and 3) whether the party acted in good faith.  *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S. Ct. 1489, 123 L.Ed.2d 74 (1993)  Courts are permitted under the rule to accept late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control.  *Id.*

The underlying premises of [the rule] exists to prevent victories by default. *Newgen, LLC. v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) It is an often

2

stated but often undervalued principle of the federal civil procedure system that cases should, in the main, be decided on the merits, not on technicalities. *Rodriguez v. Village Green Realty, LLC*, 788 F.3d 31, 47 (2d. Cir. 2015) (citing *Cargill, Inc. v. Sears Petroleum & Transp. Corp.*, 334 F. Supp. 2d 197, 247.

Further, Courts have held that the absolute denial of a witness or exhibit based on technicalities are to be weighed with the same factors which determine discovery sanctions. The factors, also known as the Wicker Factors, guide the court in determining if a sanction is appropriate. These factors are (1) the reason for the delay and if there was bad faith on the part of the party when it failed to comply with the order; (2) the extent of prejudice to the defendant as a result of the [party's] delay; and (3) the feasibility of curing the prejudice with a continuance. *U.S. v. Wicker*, 848 F.2d 1059 (10th Cir. 1988) citing *United States v. Euceda-Hernandez*, 768 F.2d 1307, 1312 (11th Cir.1985).

Defendants have cited in their objection a recent ruling in *Godfrey et al v. CSAA Fire & Casualty Insurance Company et al*. where purportedly the judge denied them the right to file out of time. However, this ruling is cited completely out of the context of the case, is not related to a witness or exhibit list, and completely misrepresents the court ruling on the matter. In *Godfrey* the Defendants sought to file counter designations of deposition testimony out of time. The court denied their request **without prejudice to refiling** based upon time constraints specific to that case and its pretrial conference deadline. Ex. 1, Order. Further, the court directed the parties to work together to establish a plan within

3

the timeframe and would re-entertain the motion once that issue had been resolved. The Defendants went on to comply with the Court's order, and then resubmitted their request. Ex. 2 Resubmission. Ultimately the court allowed them to file out of time. Ex. 3 Second Order allowing Defendants to submit their counter designations out of time; See Also Ex. 4, Defendant CSAA Counter-designations of Deposition Testimony.[1]

Defendants additionally cite two cases along with the out-of-context order in *Godfrey.* The first case cited by Defendant, *Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230 (10th Cir. 2014), is completely inapplicable to the situation in the case at bar as it pertains to a motion to amend a complaint. In *Gorsuch,* several subsidiaries of the Plaintiff sought to bring a third-party beneficiary breach of contract claim against Defendant. Defendant sought dismissal of the action pursuant to a clause requiring arbitration in the contract. The Court then dismissed the action and the parties proceeded to arbitration. Sometime later, the Plaintiff sought to amend the complaint to add additional tort claims, which the court denied. This case is clearly distinguishable, as it involves the application of third-party beneficiary contract and tort causes of action, arbitration requirements in a contract, and amending a complaint after being dismissed from a case and having a case proceed to arbitration. No party was

---

[1] Counsel for Defendant CSAA are the same and thus should recall ultimately being allowed to submit this document.

4

denied their witnesses or exhibits, and no party was denied its day in court. Instead, their additional complaints were denied, and all issues proceeded.

The second case Defendant cited, *Tesone v. Empire Mktg. Strategies* (10th Cir. 2019) is likewise completely distinguishable and inapplicable to the case at bar. In *Tesone* Plaintiff sought to (1) amend the scheduling order to extend the time for her to designate an expert; and (2) amend her Complaint. The District Court denied both motions. Plaintiff's first motion was denied because she filed her request a whopping nine months after the expert disclosure deadline and seven months after first indicating to the court her intent to file, and three months after Defendant's motion for summary judgment. Plaintiff's second motion to amend her complaint was filed nearly ten months after the 2018 deadline for amending pleadings. Once again, Plaintiff was not denied her entire witness and exhibit list; she was simply denied one expert witness. An expert witness requires much more particularized discovery as to the reliability of their expertise. This is why an expert witness is held to a much higher standard of admissible testimony than a lay witness. The [Federal Rules of Evidence] were designed to depend primarily upon lawyer-adversaries and sensible triers of fact to evaluate conflicts . . . [and] their inclusion of a specific rule on expert testimony . . . [which] requires scientific knowledge" is significant. *Daubert v. Merrell Dow Pharmaceuticals*, Inc, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). Here, Plaintiffs are not seeking to amend their Complaint. Nor are Plaintiffs seeking to add an expert witness. Plaintiffs merely are seeking to file their list of fact witnesses and exhibits.

5

Defendants have already been fully made aware of each and every witness and exhibit from the moment Plaintiffs filed their claim against the insured.  Further, Defendant and counsel have been in possession of all exhibits and have had full knowledge of all listed witnesses from the outset of litigation through Plaintiffs' initial disclosures and discovery responses.  All of Plaintiffs' exhibits are contained within Defendant's claim file.  Additionally, due to the Covid-19 pandemic, all remaining pre-trial deadlines, including discovery deadlines, have been extended 120 days.  Because of all of these factors, Defendant has not and will not suffer any prejudice as a result of this delay.

WHEREFORE, Plaintiffs Tammy and Jeffrey Covington pray that this Court accept Plaintiffs' Witness and Exhibit Lists as filed and excuse the inadvertent delay in filing.

Respectfully Submitted,

s/_Erica R. Mackey_____
Douglas J. Shelton, OBA #8159
Erica R. Mackey, OBA #32057
dshelton@sheltonlawok.com
emackey@sheltonlawok.com
SHELTON WALKLEY MACKEY
7701 S. Western Ave., Suite 201
Oklahoma City, OK 73139
(405) 605-8800 - office
(405) 601-0677 - Facsimile
*ATTORNEYS FOR PLAINTIFFS,*
*TAMMY COVINGTON AND JEFFREY COVINGTON*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 31, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Gerard F. Pignato, OBA #11473
Matthew C. Kane, OBA #19502
Joshua K. Hefner, OBA #30870
RYAN WHALEY COLDIRON JANTZEN
PETERS & WEBBER PLLC
400 North Walnut Ave.
Oklahoma City, OK  73104
jerry@ryanwhaley.com
mkane@ryanwhaley.com
jhefner@ryanwhaley.com
*ATTORNEYS FOR DEFENDANT*


/s/ Erica R. Mackey
Erica R. Mackey