IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

RUSS GODFREY and                )
NATALIE GODFREY,                )
                                )
       Plaintiffs,              )
                                )
                                )   Case No. CIV-19-00329-JD
                                )
CSAA FIRE & CASUALTY            )
INSURANCE COMPANY,              )
a foreign corporation,          )
                                )
       Defendant.               )

## ORDER

Before the Court is Defendant CSAA Fire & Casualty Insurance Company's

("CSAA") Unopposed Motion to File Objections and Counter-Designations Out of Time

("Motion"). [Doc. No. 87]. For the reasons stated below, the Motion is denied without

prejudice to resubmission.

The Court entered the Scheduling Order on July 1, 2019. [Doc. No. 15]. Plaintiffs

timely filed their deposition designations on February 7, 2020. [Doc. Nos. 52 and 64].

CSAA also timely filed its deposition designations on February 7, 2020. [Doc. No. 65].

As noted in the Motion, the deadline in the Scheduling Order for CSAA to file objections

and counter-designations to Plaintiffs' deposition designations expired on February 14,

2020 (seven days after the filing of the deposition designations). [Doc. No. 15]. Neither

party filed objections to deposition designations or counter-designations.

In the Motion, CSAA's only argument for extending this deadline, seven days

after it has expired, is that one of its attorneys had surgery on February 14, 2020, and has

1

been recovering since that date. Motion ¶ 2. The legal authorities governing requests for

extensions of time are set forth in the Court's prior order on CSAA's prior request for an

extension of time [Doc. No. 40] and need not be recited here. In sum, Federal Rule of

Civil Procedure 16(b)(4) provides that a scheduling order deadline may be modified only

"for good cause and with the judge's consent." Good cause generally requires the movant

to show that the "scheduling deadlines cannot be met despite the movant's diligent

efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th

Cir. 2014) (quotation and bracketing omitted); *see also Tesone v. Empire Mktg.*

*Strategies*, 942 F.3d 979, 988-89 (10th Cir. 2019) (citing cases that explain "failure on

the part of counsel to proceed promptly with the normal processes of . . . trial

preparation" is not good cause, and "the focus of the inquiry is upon the moving party's

reasons for seeking modification") (internal quotation marks and citations omitted).

The Motion fails to establish good cause under Rule 16(b)(4) and the associated

Tenth Circuit authorities. Although the Court is sympathetic to counsel undergoing

surgery, the surgery occurred on February 14, 2020—the date that the deadline expired.

The Motion fails to establish good cause to explain why the counter-designations and

objections to deposition testimony could not be completed anytime between Plaintiffs'

filing of designations on February 7, 2020, and the deadline on February 14, 2020. *See*

*Gorsuch*, 771 F.3d at 1240 (good cause requires a showing that a deadline "cannot" be

met despite diligent efforts). Additionally, five attorneys have entered appearances in this

case on behalf of CSAA. [*See* Doc. Nos. 2, 6, 21, 32, 48]. CSAA fails to establish why

another attorney who has entered an appearance in this case could not have submitted counter-designations and objections to deposition testimony.[1]

Additionally, CSAA acknowledges that "[p]ermitting Defendant to file the objections and counter-designations would affect Plaintiff[s'] deadline to object or respond to Defendant's objections and counter-designations." Motion ¶ 3. CSAA's proposed deadline for Plaintiffs falls after the pretrial conference, which has been set for February 28, 2020, at 9:00 a.m. since January 31, 2020. [*See* Doc. No. 45]. The request is therefore also out of time for the upcoming pretrial conference.

The Court is aware, however, that the Motion is unopposed by Plaintiffs. If CSAA can propose an unopposed schedule that will allow its objections and counter-designations and Plaintiffs' objections or responses to be submitted to the Court by 3:00 p.m. on Thursday, February 27, 2020—which would give the Court a small amount of time to review and attempt to resolve objections pertaining to the deposition designations at the parties' pretrial conference set for Friday, February 28, 2020—the Court will entertain a modified request for extension, presuming CSAA shows good cause as required by Federal Rule of Civil Procedure 16(b)(4).

For these reasons, the Motion [Doc. No. 87] is DENIED without prejudice.

IT IS SO ORDERED this 24th day of February 2020.

_____          _____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[1] The counsel undergoing surgery entered his appearance on February 6, 2020, the day before Plaintiffs filed their deposition designations.

3