# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

RUSS GODFREY and          )
NATALIE GODFREY,          )
         )
    **Plaintiffs,**          )
         )
         )     **Case No. 19-CV-329-JD**
CSAA FIRE & CASUALTY          )
INSURANCE COMPANY,          )
a foreign corporation,          )
         )
    **Defendant.**          )

## DEFENDANT'S RENEWED UNOPPOSED* MOTION TO FILE OBJECTIONS AND COUNTER-DESIGNATIONS OUT OF TIME

Defendant respectfully moves the Court to allow it to file its objections and counter-designations to Plaintiffs' deposition designations out of time.

1.     Defendant adopts its prior Unopposed Motion to File Objections and Counter-Designations Out of Time [Dkt. No. 87] as though set for herein in its entirety.

2.     The undersigned would further state that he had/has a number of cases with pending deadlines that required immediate attention. He made best efforts to meet the required deadlines prior to undergoing surgery. Unfortunately, he was unable to complete all intended projects prior to the surgical operation with which he was tasked. With concerns regarding "going under the knife" and the effort to complete all other obligations before the surgery, counsel simply did not recognize that the surgery would prevent him from completing the objections and counter-designations in a timely fashion. Upon return

---

* As discussed herein, it appears, given Plaintiff's most recent communications discussed herein, that "unopposed" may no longer be applicable.

1

to the office, counsel recognized the error and reached out to Plaintiffs' counsel to seek to address the situation.  As the Court is aware, Plaintiffs' counsel respectfully did not object to the request.

3.      Following the Court's Order of February 24, 2020 [Dkt. No. 88], Defendant reached out to Plaintiff.  On February 25, 2020, the undersigned wrote:

Gentlemen,

In response to my Motion for Extension to File Objections/Counter-Designations, the Court obviously denied this "without prejudice" and stated:

> "The Court is aware, however, that the Motion is unopposed by Plaintiffs. If CSAA can propose an unopposed schedule that will allow its objections and counterdesignations and Plaintiffs' objections or responses to be submitted to the Court by 3:00 p.m. on Thursday, February 27, 2020—which would give the Court a small amount of time to review and attempt to resolve objections pertaining to the deposition designations at the parties' pretrial conference set for Friday, February 28, 2020—the Court will entertain a modified request for extension, presuming CSAA shows good cause as required by Federal Rule of Civil Procedure 16(b)(4)."

I've attached our counter-designations to the deposition of Allen Lippoldt and objections to the Plaintiffs' designations of Lippoldt and Costello that I had intended on filing.  Let me know if you all can/will comply with the February 27, 2020 3:00 deadline our Judge has placed on getting Plaintiffs' objections to our counter-designations.

4.      As a result, Plaintiffs had Defendants' objections and counter-designations three days before the Final Pretrial Conference.

5.      However, Plaintiffs' counsel then responded:

We are agreeable to that timeline if CSAA will advise the Court it has no objection to our request for Wiley's report to be added to the final pretrial report.  Please let us know if that is agreeable.

6.      In short, Plaintiffs, who had not objected to Defendant's original request, now indicated that the proposed timeline was satisfactory.  However, walking back from their original position, not objecting to Defendant's request, Plaintiffs refused to agree to the reasonable timeline unless Defendant would agree to their unrelated demand.  As indicated in Defendant's Response to Plaintiffs' Unopposed Motion, Defendant does not believe it is appropriate to renege on an agreement or seek to leverage one unrelated issue against another.

WHEREFORE, Defendant requests that the Court allow Defendant to file its counter-designations and objections, already in possession of Plaintiffs' counsel immediately upon approval of this Motion and Plaintiff to file any response promptly thereafter.

Respectfully Submitted,

*s/Bruce A. Robertson*
GERARD F. PIGNATO (OBA NO. 11473)
BRUCE A. ROBERTSON (OBA NO. 13113)
MATTHEW C. KANE (OBA NO. 19502)
JOSHUA K. HEFNER, (OBA NO. 30870)
SUSAN F. KANE (OBA NO. 19455)
**RYAN WHALEY COLDIRON JANTZEN PETERS & WEBBER PLLC**
400 North Walnut Avenue
Oklahoma City, Oklahoma  73104
Telephone:    (405) 239-6040
Facsimile:    (405) 239-6766
Email:        jerry@ryanwhaley.com
              brobertson@ryanwhaley.com
              mkane@ryanwhaley.com
              jhefner@ryanwhaley.com
              susanfkane@gmail.com
ATTORNEYS FOR DEFENDANTS

3

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2020, I transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following registrants:

Steven S. Mansell, Esquire
Mark A. Engel, Esquire
Kenneth G. Cole, Esquire
M. Adam Engel, Esquire
Keith F. Givens, Esquire
MANSELL ENGEL & COLE

s/Bruce A. Robertson
For the Firm

4