IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)   TAMMY COVINGTON, and | ) | |
| (2)   JEFFREY COVINGTON | ) | |
| | ) | |
| PLAINTIFFS, | ) | Case No. CIV-19-718-PRW |
| | ) | |
| vs. | ) | |
| | ) | |
| (1)   CSAA FIRE AND CASUALTY | ) | |
| INSURANCE, d/b/a AAA FIRE AND | ) | |
| CASUALTY INSURANCE COMPANY, | ) | |
| INC. | ) | |
| | ) | |
| DEFENDANT. | ) | |

## **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

COMES NOW, Plaintiffs' Tammy Covington and Jeffrey Covington,

collectively ("Covington") respectfully submits their Jury Instructions pursuant to

Fed. R. Civ. P. 51.

1

# **INDEX**

INSTRUCTION NUMBER:

1.   Issues in the Case

2.   Burden of Proof – Greater Weight of the Evidence

3.   Burden to Prove Policy Exclusions

4.   Determining Credibility [Believability] of Witness

5.   Expert Witness

6.   Plaintiffs' Requested Instruction No. 1 – Meaning Of Words

7.   Plaintiffs' Requested Instruction No. 2 – Elements Of A Claim For Breach Of Contract

8.   Plaintiffs' Requested Instruction No. 3 – Breach Of Contract

9.   Plaintiffs' Requested Instruction No. 4 – Breach Of Contract – Actual Damages

10.   Insurance Company's Obligation of Good Faith and Fair Dealing

11.   Non-Delegable Duty

12.   Insurer's Duty Of Good Faith And Fair Dealing Based On The Facts At The Time Of The Claim

13.   Bad Faith- First Party Insurance- Failure To Pay Claim Of Insured

14.   Bad Faith – Damages

15.   Exemplary or Punitive Damages – Bad Faith – First Stage

16.   Exemplary or Punitive Damages – Bad Faith – Second Stage

17.     Plaintiffs' Requested Instruction No. 5 – Verdict Form – Breach Of Contract Claim

18.     Plaintiffs' Requested Instruction No. 6 – Verdict Form – Bad Faith Claim – Defendant – First Stage

19.     Plaintiffs' Requested Instruction No. 7 – Verdict Form For Plaintiffs – Actual/Punitive Damages - First Stage

20.     Plaintiffs' Requested Instruction No. 8 – Verdict Form – For Plaintiffs – Punitive Damages

## INSTRUCTION NO. 1

## <u>ISSUES IN THE CASE</u>

The parties to this lawsuit are Plaintiffs, Tammy Covington and Jeffrey Covington, and their homeowner's insurance company, Defendant, CSAA Fire & Casualty Insurance Company. The parties agree that Mr. and Mrs. Covington's homeowner's policy was in force at the time of water damage to their home August 8, 2017.

On August 8, 2017 a sudden discharge of water from an air conditioner condensate drain line damaged Plaintiffs' wood floors and other parts of their home. Defendant CSAA Fire & Casualty Insurance Company denied a claim submitted by Plaintiffs Tammy and Jeffrey Covington for damage to the home. On August 8, 2017 Plaintiff's noticed the leak and standing water on their floors. Immediately, Plaintiffs cleaned up the water, then obtained and used fans and air movers to dry the flooring.  They repaired the drain line, which appeared to be the origin of the leak. In May 2018, it was brought to Plaintiffs' attention that the discoloration and bubbling issues with their flooring could be caused by the water damage to the flooring. Plaintiffs filed a claim with Defendant on May 12, 2018 after Plaintiffs were informed this water loss was likely covered by insurance. Defendant issued a denial letter July 10, 2018, stating there was no coverage for this claim.

Plaintiffs Tammy and Jeffrey Covington claim that Defendant CSAA Fire & Casualty Insurance Company's denial of their claim was a breach of contract

and a breach of the duty of good faith and fair dealing. Mr. and Mrs. Covington assert that CSAA's actions were intentional in claiming facts that they knew were not true for the denial of this claim and that CSAA should be responsible for any damages resulting from this improper conduct.  Plaintiffs also seek an award of punitive damages, if allowed by the Court, in order to deter such conduct and denials in the future.

These are the issues you are to determine.

**AUTHORITY**:        OUJI – CIV (3d) 2.1

## INSTRUCTION NO. 2

### <u>BURDEN OF PROOF – GREATER WEIGHT OF THE EVIDENCE</u>

In a civil lawsuit, such as this one, the law provides which party is to prove certain things to you.  This is called "Burden of Proof."

When I say that a party has the burden of proof on any proposition by the greater weight of the evidence, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition on which such party has the burden of proof is more probably true than not true.  The greater weight of the evidence does not mean the greater number of witnesses testifying to a fact but means what seems to you more convincing and more probably true.

A party who seeks to recover on a claim or a party who raises an affirmative defense has the burden to prove all the elements of the claim or defense. In deciding whether a party has met the burden of proof, you are able to take into account all the evidence, whether offered by that party or any other party.

**AUTHORITY**:        OUJI – CIV (3d) 3.1

**INSTRUCTION NO. 3**

**POLICY EXCLUSIONS – BURDEN OF PROOF**

You are instructed that the Defendant, CSAA, has the burden to prove any exclusion in the policy that it asserts as a defense.  In this case, CSAA denied paying for damage that it contends was caused by wear and tear.  Therefore, it is CSAA's burden to prove wear and tear caused the damage.

**AUTHORITY:**  *Pittman v. Blue Cross and Blue Shield of Oklahoma,* 217 F.3d 1291, 2198 (10th Cir. 2000)

**INSTRUCTION NO. 4**

**<u>DETERMINING CREDIBILITY [BELIEVABILITY] OF WITNESS</u>**

You are the sole judges of the believability of each witness and the value to be given the testimony of each. You should take into consideration the witness's means of knowledge, strength of memory and opportunities for observation. Also consider the reasonableness and consistency or inconsistency of the testimony.

You should also consider the bias, prejudice, or interest, if any, the witness may have in the outcome of the trial, the conduct of the witness upon the witness stand, and all other facts and circumstances that affect the believability of the witness.

**AUTHORITY**:        OUJI – CIV (3d) 3.13

**INSTRUCTION NO. 5**

**<u>EXPERT WITNESS</u>**

There has been introduced the testimony of witnesses who are represented to be skilled in certain areas. Such witnesses are known in law as expert witnesses. You may consider the testimony of these witnesses and give it such weight as you think it should have, but the value to be given their testimony is for you to determine. You are not required to surrender your own judgment to that of any person testifying as an expert or otherwise. The testimony of an expert, like that of any other witness, is to be given such value as you think it is entitled to receive.

**AUTHORITY**:        OUJI – CIV (3d) 3.21

## **PLAINTIFFS' REQUESTED INSTRUCTION NO. 6**

### (MEANING OF WORDS)

You should interpret the words of the contract in their ordinary and popular sense, unless you decide that the parties used them in some other sense.

If the parties used technical words, they should be interpreted in the way that they are usually understood by persons in the business in which they are used, unless clearly used in a difference sense.

If the parties to the contract have dealt with each other before and their previous dealings showed that they had a common understanding as to the meaning of certain terms, then you should interpret those terms according to their commonly understood meaning.

_____

Authority:   OUJI 23.13

## <u>PLAINTIFFS' REQUESTED INSTRUCTION NO. 7</u>

(ELEMENTS OF A CLAIM FOR BREACH OF CONTRACT)

Plaintiffs are required to prove by the greater weight of the evidence the following in order to recover on their claim for breach of contract against the Defendant, CSAA Fire & Casualty Insurance Company:

1. The formation of a contract, specifically, the insurance contract which is also known as the insurance policy, between Plaintiffs and Defendant;

2. That Defendant breached the insurance contract by failing to pay amounts which were due under the terms of the policy, specifically, amounts claimed due by Plaintiffs for the full and fair amount of property damage sustained; and

3. That Plaintiffs suffered damages as a result of Defendant's breach of the insurance contract.

_____

Authority:   OUJI 23.1 (modified)

## PLAINTIFFS' REQUESTED INSTRUCTION NO. 8

(BREACH OF CONTRACT)

A contract is breached or broken when a party does not do what they promised to do in the contract.

_____

Authority:  OUJI 23.21

## PLAINTIFFS' REQUESTED INSTRUCTION NO. 9

### (BREACH OF CONTRACT – ACTUAL DAMAGES)

If you find that Plaintiffs have proven by the greater weight of the evidence that Defendant breached one or more provisions of the insurance contract, then you must fix the amount of Plaintiffs' actual damages on their breach of contract claim.  This is the amount of money that is needed to put them in as good a position as they would have been if the contract has not been breached.  In this case, the amount of damages should be determined as follows:

In this case, if you decide that Defendant breached the insurance contract by paying less than it should have for Plaintiffs' claim, the amount of actual damages would be the amount that should have been paid on the Plaintiffs' claim, less the amounts that CSAA already paid on their claim, if any, and taking into consideration the deductible under the Plaintiffs' insurance policy.  The largest amount that "should have been paid on the Plaintiffs' claim" should not exceed the policy limits of the insurance policy.

_____

Authority:   OUJI 23.51 (Rev. 2009) (Modified); 23 O.S. 1991 §21;
                    Restatement (Second) of Contracts §§ 344, 347 (1979).

**INSTRUCTION NO. 10**

**INSURANCE COMPANY'S OBLIGATION OF
<u>GOOD FAITH AND FAIR DEALING</u>**

An insurance company has a duty to deal fairly and act in good faith with its insureds.

**AUTHORITY**:        OUJI – CIV (3d) 22.1

# INSTRUCTION NO. 11

## **NON-DELEGABLE DUTY**

Defendant's duty to deal fairly and act in good faith with Plaintiffs is non-delegable under Oklahoma law. Therefore, Defendant is liable for the acts and omissions of its agents, engineers, or representatives who participated in the handling of the Plaintiffs' claim regardless of whether they are independent contractors.

**AUTHORITY**:     *Trinity Baptist Church v. Brotherhood Mut. Ins. Services, LLC*, 2014 OK 106, ¶¶ 29-31, 341 P.3d 75; *Wathor v. Mutual Assur. Admin., Inc.*, 2004 OK 2, ¶¶ 6-7, 87 P.3d 559, 561-62; *Barnes v. Oklahoma Farm Bureau Mut. Ins. Co.*, 2000 OK 55, ¶ 9 n. 5, 11 P.3d 162, 167 n. 5; *Timmons v. Royal Globe Ins. Co.*,1982 OK 97, 653 P.2d 907, 914; *Crews v. Shelter General Insurance Co.*, 393 F.Supp.2d 1170, 1178 (W.D. Okla. 2005).

**INSTRUCTION NO. 12**

**INSURER'S DUTY OF GOOD FAITH AND FAIR DEALING**
**<u>BASED ON THE FACTS KNOWN AT THE TIME OF THE CLAIM</u>**

You are instructed that the knowledge and belief of the insurer during the time period the claim is being reviewed is the focus of a bad-faith claim. Defendant may not rely upon a defense that was not communicated to Plaintiffs as a reason for delay or denial of the claim at that time.

**AUTHORITY:**   *Buzzard v. Farmers Ins. Co.*, 1991 OK 127, 824 P.2d 1105, 1109, 1110; *Buzzard v. McDanel*, 1987 OK 28, 736 P.2d 157, 159); *Newport v. USAA*, 200 OK 59, 11 P.3d 190, 195; *Skaling v. Aetna Ins. Co.*, 799 A.2d 997, 1010 (R.I. 2002)

**INSTRUCTION NO. 13**

**BAD FAITH – FIRST PARTY INSURANCE –
<u>FAILURE TO PAY CLAIM OF INSURED</u>**

Plaintiffs claim that Defendant, CSAA Fire and Casualty Insurance Company, violated its duty of good faith and fair dealing by unreasonably, and in bad faith, refusing to pay Plaintiffs the proper amount for a valid claim under their insurance policy. In order for Plaintiffs to recover damages in this case, they must show by the greater weight of the evidence that:

1. Defendant was required under the insurance policy to pay Plaintiffs' claim;

2. Defendant's refusal to pay the claim in full was unreasonable under the circumstances, because 1) it did not perform a proper investigation, 2) it did not evaluate the results of the investigation properly, or 3) it had no reasonable basis for the refusal;

3. Defendant did not deal fairly and in good faith with Plaintiffs; and

4. The violation by Defendant of its duty of good faith and fair dealing was the direct cause of the injury sustained by Plaintiffs.

**AUTHORITY**:      OUJI CIV (3d) 22.2

**INSTRUCTION NO. 14**

**BAD FAITH - DAMAGES**

If you find that Defendant, CSAA Fire and Casualty Insurance Company, violated its duty of good faith and fair dealing, you must fix the amount of Plaintiffs' damages. This is the amount of money that will compensate them for any loss they suffered as a result of Defendant's denial of coverage on Plaintiffs' claim.

In fixing the amount you will award Plaintiffs, you may consider the following elements:

1. Financial losses;

2. Embarrassment and loss of reputation; and

3. Mental pain and suffering.

**AUTHORITY**: OUJI – CIV (3d) 22.4

## INSTRUCTION NO. 15

## <u>EXEMPLARY OR PUNITIVE DAMAGES – BAD FAITH- FIRST STAGE</u>

If you find in favor of the Plaintiffs, Tammy Covington and Jeffrey Covington, and grant them actual damages, then you must also find by a separate verdict, whether Defendant recklessly disregarded its duty to deal fairly and act in good faith with its insureds, and/or intentionally and with malice breached its duty to deal fairly and act in good faith with its insureds.

Plaintiffs have the burden of proving this by clear and convincing evidence. By that I mean that you must be persuaded, considering all the evidence in the case, that the proposition on which the party that has this burden of proof is highly probable and free from serious doubt.

Defendant recklessly disregarded its duty to deal fairly and act in good faith with its insureds if Defendant either was aware, or did not care, that there was a substantial and unnecessary risk that its conduct would cause serious injury to Plaintiffs.  In order for Defendant to have recklessly disregarded its duty to deal fairly and act in good faith with its insureds, its conduct must have been unreasonable under the circumstances, and also there must have been a high probability that the conduct would cause serious harm to the Plaintiffs.

Malice involves either hatred, spite, or ill-will, or else the doing of a wrongful act intentionally without just cause or excuse.

If you find that Defendant recklessly disregarded its duty to deal fairly and

act in good faith with its insureds or intentionally and with malice breached its duty to deal fairly and act in good faith with its insureds, you may award punitive damages against Defendant in a later part of this trial. If you do not find that Defendant recklessly disregarded its duty to deal fairly and act in good faith with its insureds or intentionally and with malice breach its duty to deal fairly and act in good faith with its insureds, you may not award punitive damages against Defendant.

**AUTHORITY**:       OUJI (3d Supp.) Civ. No. 22.5

**INSTRUCTION NO. 16**

**EXEMPLARY OR PUNITIVE DAMAGES – BAD FAITH-
<u>SECOND STAGE</u>**

Ladies and Gentlemen of the jury, you have found in favor of the Plaintiffs and granted them actual damages, and you have also found by a separate verdict that Defendant, CSAA Fire and Casualty Insurance Company, has recklessly disregarded its duty to deal fairly and act in good faith with its insureds and/or intentionally and with malice breached its duty to deal fairly and act in good faith with its insureds.

You may now, in addition to actual damages, grant Plaintiffs punitive damages in such sum as you reasonably believe will punish Defendant and be an example to others.

Punitive damages are not to be considered as compensation to Plaintiffs, but as punishment to Defendant and as an example to others to deter them from like conduct. The law does not require you to award punitive damages and, if you do so, you must use sound reason in setting the amount. You should be aware that the purpose of punitive damages is to punish and not destroy a defendant.

You may consider evidence of actual harm to others in determining the seriousness of the hazard to the public and thus whether the conduct that harmed the Plaintiffs was particularly reprehensible or bad. Conduct that risks harm to many may be more reprehensible than conduct that risks harm to only a few. However, you may not use punitive damages to punish Defendant

directly on account of harms that it may have caused to others.

In determining the amount of punitive damages, you may consider the following factors:

1.  The seriousness of the hazard to the public arising from Defendant's misconduct;

2.  The profitability of the misconduct to Defendant.

3.  How long the conduct lasted and whether it is likely to continue;

4.  Whether there were attempts to conceal the misconduct;

5.  How aware Defendant's was of its conduct and its consequences and how aware Defendant was of the hazard and of its excessiveness;

6.  The attitude and conduct of Defendant upon finding out about the misconduct/hazard;

7.  The financial condition of Defendant.

8.  The number and level of employees involved in causing or concealing the misconduct

In no event should the punitive damages exceed the greater of: (Select One) [$100,000.00 or the amount of actual damages you have previously awarded].

OR

[$500,000.00, or twice the amount of actual damages you have previously

awarded, or the increased financial benefit derived by Defendant as a direct result of the conduct causing the injury to the Plaintiffs].

**AUTHORITY:**  OUJI – CIV (2d) No. 5.9 (as amended effective October 14, 2008); OUJI – CIV 2d) No. 22.7 (modified in accordance with the amended version of OUJI – CIV (2d) No. 5.9)

**[Note: If the jury finds intentional conduct, thereby reaching Category II punitive damages, Plaintiffs request that the Court delete "one" and "$100,000 or the amount of actual damages you have awarded" and "OR" to prevent confusion.]**

## **PLAINTIFFS' REQUESTED INSTRUCTION NO. 17**
(VERDICT FORM – BREACH OF CONTRACT CLAIM)

### **IN THE UNITED STATES DISTRICT COURT**
### **FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) TAMMY COVINGTON, and | ) | |
| (2) JEFFREY COVINGTON | ) | |
| | ) | |
| PLAINTIFFS, | ) | Case No. CIV-19-718-PRW |
| | ) | |
| vs. | ) | |
| | ) | |
| (1) CSAA FIRE AND CASUALTY | ) | |
| INSURANCE, d/b/a AAA FIRE | ) | |
| AND CASUALTY INSURANCE | ) | |
| COMPANY, INC. | ) | |
| | ) | |
| DEFENDANT. | ) | |

## **VERDICT FORM – BREACH OF CONTRACT CLAIM**

We, the jury, empaneled and sworn in the above entitled cause, do,

upon our oaths, find as follows:

1.    In favor of the Plaintiffs, Tammy Covington and Jeffrey

Covington, in the total amount of $_____.

OR

2.    In favor of the Defendant, CSAA Fire & Casualty Insurance

Company.

_____    _____

Foreperson

_____    _____

_____     _____

_____     _____

_____     _____

OUJI 5.7

**PLAINTIFFS' REQUESTED INSTRUCTION NO. 18**
(VERDICT FORM – BAD FAITH CLAIM – DEFENDANT – FIRST STAGE)

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) TAMMY COVINGTON, and | ) | |
| (2) JEFFREY COVINGTON | ) | |
| | ) | |
| PLAINTIFFS, | ) | Case No. CIV-19-718-PRW |
| | ) | |
| vs. | ) | |
| | ) | |
| (1) CSAA FIRE AND CASUALTY | ) | |
| INSURANCE, d/b/a AAA FIRE | ) | |
| AND CASUALTY INSURANCE | ) | |
| COMPANY, INC. | ) | |
| | ) | |
| DEFENDANT. | ) | |

**VERDICT FORM – BAD FAITH CLAIM**

We, the jury, empaneled and sworn in the above entitled cause, do,

upon our oaths, find in favor of the Defendant, CSAA Fire & Casualty

Insurance Company, in connection with Plaintiffs' bad faith claim.

_____     _____
Foreperson
_____     _____


_____     _____


_____     _____


_____     _____

OUJI 5.8

26

## <u>PLAINTIFFS' REQUESTED INSTRUCTION NO. 19</u>
(VERDICT FORM FOR PLAINTIFFS – PUNITIVE DAMAGES, FIRST STAGE)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (3)  TAMMY COVINGTON, and | ) | |
| (4)  JEFFREY COVINGTON | ) | |
| | ) | |
| PLAINTIFFS, | ) | Case No. CIV-19-718-PRW |
| | ) | |
| vs. | ) | |
| | ) | |
| (2)  CSAA FIRE AND CASUALTY INSURANCE, d/b/a AAA FIRE AND CASUALTY INSURANCE COMPANY, INC. | ) ) ) ) | |
| | ) | |
| DEFENDANT. | ) | |

## <u>VERDICT FORM, FOR PLAINTIFFS, PUNITIVE DAMAGES – FIRST STAGE</u>

We, the jury, empaneled and sworn in the above entitled cause, do, upon our oaths, find in favor of Plaintiffs, Tammy Covington and Jeffrey Covington, and against Defendant, CSAA Fire and Casualty Insurance Company, on Plaintiffs' claims as follows:

**Actual Damages:** 1. The dollar amount of Plaintiffs' actual damages is the sum of $_____.

**Punitive Damages:** 2. (a) We do  do not  _ (Check One) find by clear and convincing evidence that the Defendant recklessly disregarded its duty to deal fairly and with its insureds.

(b) We do  do not  _ (Check One) find by clear and convincing evidence that the Defendant intentionally and with malice breached its duty to in good faith with its insureds.

27

_____
Foreperson


_____     _____

_____     _____

_____     _____

_____     _____

_____     _____


**AUTHORITY:**        OUJI -- CIV(2d) 22.6 (modified)

## <u>PLAINTIFFS' REQUESTED INSTRUCTION NO. 20</u>
(VERDICT FORM FOR PLAINTIFFS – PUNITIVE DAMAGES)

### IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (5)   TAMMY COVINGTON, and<br>(6)   JEFFREY COVINGTON | ) )<br>)<br>) |
| PLAINTIFFS, | )   Case No. CIV-19-718-PRW<br>) |
| vs. | )<br>) |
| (3)   CSAA FIRE AND CASUALTY<br>INSURANCE, d/b/a AAA FIRE AND<br>CASUALTY INSURANCE COMPANY,<br>INC. | )<br>)<br>)<br>) |
| DEFENDANT. | )<br>) |

## <u>VERDICT FORM FOR PLAINTIFFS - PUNITIVE DAMAGES</u>

We, the jury empaneled and sworn in the above entitled cause do upon our oaths find in favor of Plaintiffs, Tammy Covington and Jeffrey Covington, and against Defendant, CSAA Fire and Casualty Insurance Company, and fix the amount of Plaintiffs' punitive damages as follows:

**Punitive Damages:**  1.  The dollar amount of Plaintiffs' punitive damages is the sum of $_____.


_____
Foreperson

_____
_____
_____
_____
_____
_____
_____

_____

Respectfully submitted,


By: s/ Douglas J. Shelton
Douglas J. Shelton, OBA #8159
dshelton@sheltonlawok.com
SHELTON & WALKLEY LAW GROUP
7701 S. Western Ave., Suite 201
Oklahoma City, OK 73139
(405) 605-8800 - office
(405) 601-0677 - Facsimile
*ATTORNEY FOR PLAINTIFFS,*
*TAMMY COVINGTON AND JEFFREY COVINGTON*


## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Gerard F. Pignato, OBA #11473
Matthew C. Kane, OBA #19502
Joshua K. Hefner, OBA #30870
RYAN WHALEY COLDIRON JANTZEN
PETERS & WEBBER PLLC
400 North Walnut Ave.
Oklahoma City, OK  73104
jerry@ryanwhaley.com
mkane@ryanwhaley.com
jhefner@ryanwhaley.com
*ATTORNEYS FOR DEFENDANT*


/s/ Douglas J. Shelton
Douglas J. Shelton