IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) TAMMY COVINGTON, and )
(2) JEFFREY COVINGTON )
 )
    PLAINTIFFS, ) Case No. CIV-19-718-PRW
 )
vs. )
 )
(1) CSAA FIRE AND CASUALTY )
INSURANCE, d/b/a AAA FIRE AND )
CASUALTY INSURANCE COMPANY, )
INC. )
 )
    DEFENDANT. )

## PLAINTIFF'S MOTION IN LIMINE

Plaintiffs, Tammy Covington and Jeffrey Covington, move this Court for an Order in Limine prohibiting the Defendant's attorneys, representatives, and witnesses from mentioning, arguing, soliciting evidence, inferring, stating to the jury, presenting testimony or documentary evidence or exhibits or in any way attempting to inform the jury regarding the following:

1. Ian Rupert and/or Ian's Enterprises have been a party in previous lawsuit(s). These cases involved different subject matters, houses, different insurance companies, and were settled years ago. The other suits have no relevance whatsoever to the instant case or litigation and is therefore not relevant under F.R.E. 401, 402. Any slight relevance is greatly outweighed by the danger of unfair prejudice and/or confusion to the jury on the issues in this case.  F.R.E. 403.

2. Ian Rupert, and/or Ian's Enterprises has owned real estate, some of which has been included in lawsuits. These lawsuits involved real estate owned by Ian Rupert, and/or Ian's Enterprises have which are completely unrelated to the facts in this case and are not relevant. They have absolutely nothing to do with the current litigation or the residential premises which is the subject of this litigation and should therefore be excluded under F.R.E. 401, 402, 403.

3. Ian Enterprises' clients, and client list, other than Plaintiffs Tammy and Jeffrey Covington, have nothing to do with the current litigation and are confidential. Any slight relevance is greatly outweighed by privacy and confidentiality concerns, the danger of unfair prejudice and confusion of the issues for the jury, and it is therefore inadmissible under F.R.E. 401, 402 and 403.

4. Any prior claims/lawsuits Ian Rupert had with CSAA, and/or other insurance companies on his own behalf for any reason are irrelevant. There are no other prior claims which have anything to do with the subject claim and are therefore not relevant and are inadmissible. Any slight relevance is greatly outweighed by the danger of unfair prejudice and confusion of the issues for the jury, and it is therefore inadmissible under F.R.E. 401, 402 and 403.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter an order prohibiting Defendant, its attorneys, and witnesses from attempting to testify or comment on the above matters.

By: s/ Douglas J. Shelton
Douglas J. Shelton, OBA #8159
dshelton@sheltonlawok.com
SHELTON & WALKLEY LAW GROUP
7701 S. Western Ave., Suite 201
Oklahoma City, OK 73139
(405) 605-8800 - office
(405) 601-0677 - Facsimile
*ATTORNEY FOR PLAINTIFFS,*
*TAMMY COVINGTON AND JEFFREY COVINGTON*

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Gerard F. Pignato, OBA #11473
Matthew C. Kane, OBA #19502
Joshua K. Hefner, OBA #30870
RYAN WHALEY COLDIRON JANTZEN
PETERS & WEBBER PLLC
400 North Walnut Ave.
Oklahoma City, OK  73104
jerry@ryanwhaley.com
mkane@ryanwhaley.com
jhefner@ryanwhaley.com
*ATTORNEYS FOR DEFENDANT*


/s/ Douglas J. Shelton
Douglas J. Shelton