IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TAMMY COVINGTON and<br>JEFFREY COVINGTON,<br><br>        Plaintiffs,<br><br>v.<br><br>CSAA FIRE AND CASUALTY<br>INSURANCE, d/b/a AAA FIRE AND<br>CASUALTY INSURANCE COMPANY, INC.<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 19-cv-00718-PRW<br>)<br>)<br>)<br>)<br>)<br>) |

## **FINAL PRETRIAL REPORT**

All counsel who will appear at trial:

Appearing for Plaintiffs:        Douglas J. Shelton, OBA #8159
                                      dshelton@sheltonlawok.com
                                      SHELTON & WALKLEY LAW GROUP
                                      7701 S. Western Ave., Suite 201
                                      Oklahoma City, OK 73139
                                      (405) 605-8800 - office
                                      (405) 601-0677 – Facsimile

Appearing for Defendant:       Gerard F. Pignato, OBA #11473
                                      Matthew C. Kane, OBA #19502
                                      Joshua K. Hefner, OBA #30870
                                      RYAN WHALEY COLDIRON JANTZEN
                                      PETERS & WEBBER PLLC
                                      400 North Walnut Ave.
                                      Oklahoma City, OK  73104
                                      jerry@ryanwhaley.com
                                      mkane@ryanwhaley.com
                                      jhefner@ryanwhaley.com

**Jury Trial Demanded** ☑  **-  Non-Jury Trial** ☐

1. **BRIEF PRELIMINARY STATEMENT.** State briefly and in ordinary language the facts and positions of the parties (appropriate for use during jury selection in jury cases).

    The parties to this case are Plaintiffs Tammy and Jeffrey Covington and Defendant CSAA Fire & Casualty Insurance Company.

    Defendant CSAA Fire & Casualty Insurance Company issued policy no. HO5-004008561 to Plaintiffs Tammy and Jeffrey Covington for their home, located at 17121 SE 59th Street, Choctaw, OK. Plaintiffs Tammy and Jeffrey Covington paid premiums for the policy.

    On August 8, 2017 a water discharge from an air conditioner condensate drain line damaged Plaintiffs' wood floors and other parts of their home. In May 2018, it was brought to Plaintiffs' attention that the discoloration and bubbling issues with their flooring could be caused by the water damage to the flooring. Plaintiffs filed a claim with Defendant on May 12, 2018. Defendant CSAA Fire & Casualty Insurance Company denied a claim submitted by Plaintiffs Tammy and Jeffrey Covington for damage to the home. Plaintiffs Tammy and Jeffrey Covington claim that Defendant CSAA Fire & Casualty Insurance Company's denial of their claim was a breach of contract and a breach of the duty of good faith and fair dealing.

2. **JURISDICTION**.  The basis on which the jurisdiction of the Court is invoked.

    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. There is complete diversity between the parties and Plaintiff contends the amount in controversy exceeds $75,000.

3. **STIPULATED FACTS**. List stipulations as to all facts that are not disputed or reasonably disputable, including jurisdictional facts.

    A.    At all times material hereto Plaintiffs, Tammy Covington and Jeffrey Covington's home was insured under a CSAA Fire & Casualty Insurance Company policy (No. HO5- 004008561).

    B.    Plaintiffs' premiums for said policy were fully paid at all times material hereto.

**4.** **LEGAL ISSUES**. State separately, and by party, each disputed legal issue and the authority relied upon.

    A.    Whether Defendant has breached the terms of Plaintiffs' homeowner policy?

    B.    Whether Defendant violated its duty of good faith and fair dealing to Plaintiffs through its investigation, handling or denial of Plaintiffs' claim.

    C.    If Defendant breached the contract of insurance, the amount of contractual damages to Plaintiff as a result thereof.

    D.    If Defendant violated its duty of good faith and fair dealing to Plaintiffs, whether Plaintiffs suffered any compensable injuries or damages as a result thereof.

**5.** **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT.**

    **A.** **Plaintiffs:**

1. Plaintiffs' home was insured by CSAA Fire & Casualty Insurance Company in August of 2017.
2. On August 8, 2017, a sudden discharge of water from an air conditioner condensate drain line damaged Plaintiffs' wood floors and other parts of their home.
3. On August 8, 2017 Plaintiff's noticed the leak and standing water on their floors. Immediately, Plaintiffs cleaned up the water, then obtained and used fans and air movers to dry the flooring. They repaired the drain line, which appeared to be the origin of the leak.
4. Defendant CSAA Fire & Casualty Insurance Company denied the claim submitted by Plaintiffs Tammy and Jeffrey Covington for damage to the home.
5. Defendant breached the terms of Plaintiffs' homeowner policy through its denial of benefits claimed by Plaintiffs.
6. Plaintiffs seek Policy benefits and loss of policy benefits. 23 O.S. §21
7. Defendant violated its duty of good faith and fair dealing to Plaintiffs through its investigation, handling or denial of Plaintiffs' claim.
8. Plaintiffs seek all incidental and consequential damages, including

3

      damages for mental anguish, frustration and embarrassment to Plaintiffs. *Christian v. American Home Assurance Co.,* 577 P. 2d 899, 1977 OK 141, 23 O.S.§61

9. Attorney Fees; 36 O.S. §3629

B. **Defendants**:

1. CSAA's investigation, handling, and evaluation of Plaintiffs' property damage claim was reasonable, thus barring Plaintiffs' bad faith claim.
2. A legitimate dispute exists as to the cause and/or value of Plaintiffs' claim, thus barring any claim by Plaintiffs against CSAA for bad faith.
3. The loss complained of by Plaintiffs was caused, at least in part, by an excluded cause of loss under the CSAA policy, such as:
    a. constant or repeated seepage or leakage of water or the presence or condensation of humidity, moisture or vapor, over a period of weeks, months or years unless such seepage or leakage of water or the presence or condensation of humidity, moisture or vapor is unknown to all insureds and is hidden within the walls or ceilings or beneath the floors or above the ceilings of a structure.
    b. fungi, or
    c. faulty, inadequate or defective: design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction, materials used in repair, construction, renovation or remodeling; or maintenance.

    Thus, CSAA did not breach its contract with Plaintiffs by refusing to pay the full amount of the benefits demanded by Plaintiffs.
4. The Policy issued by CSAA contains exclusions, conditions, provisions and/or endorsements which preclude or limit coverage in whole or in part.
5. CSAA's actions, at all times, have been reasonable and appropriate in response to Plaintiffs' excessive, unreasonable and inappropriate demands.
6. Plaintiffs' damages, if any, are limited by the amount set forth in the Policy Limitations provisions of the Policy. Plaintiffs' contractual damages cannot exceed the applicable Policy Limits.
7. Plaintiffs have failed to mitigate their alleged damages or provide timely notice to Defendant to allow Defendant to investigate and mitigate Plaintiffs' alleged damages
8. Plaintiffs breached a policy condition in the CSAA policy by not providing prompt notice to CSAA, and CSAA was prejudiced as a result.

**6.** **<u>EXHIBITS.</u>**  The following exclusionary language **<u>MUST</u>** be included:

Unlisted exhibits will not be admitted unless, by order of the court, the final pretrial order is amended to include them.

  A.  <u>Plaintiffs</u>:

|    | Description | Objection | FR of Evidence Relied Upon |
|----|-------------|-----------|-----------------------------|
| 1. | CSAA Policy and Declarations CSAA_COVINGTON 0312-0400 |  |  |
| 2. | CSAA Claim File CSAA_COVINGTON 0001-0710 | Y | If Plaintiffs' bad faith claim goes to the jury, CSAA has no objection to this exhibit. However, if CSAA's Motion for Summary Judgment or Judgment as a Matter of Law is granted with respect to Plaintiffs' bad faith claim, CSAA objects to this exhibit on grounds of 402 and 403 and requests that this exhibit not be taken back to the deliberation room at the conclusion of the case. |
| 3. | Audio Recordings of conversations between Plaintiffs' public adjuster and agents/employees of Defendant COVINGTON 066, 067-069, 176 | Y | If Plaintiffs' bad faith claim goes to the jury, CSAA has no objection to this exhibit. However, if CSAA's Motion for Summary Judgment or Judgment as a Matter of Law is granted with respect to Plaintiffs' bad faith claim, CSAA objects to this exhibit on grounds of 402 and 403 and requests that this exhibit not be taken back to the deliberation room at the conclusion of the case. |
| 4. | Ian's Enterprises damages estimate [1] CSAA_COVINGTON 0472-0495 | Y | This exhibit was not identified on Plaintiff's Exhibit List.  Additionally, if Plaintiffs' bad faith claim goes to the jury, CSAA has no objection to this |

---

[1] Exhibit 4 is an excised portion of Ian's Enterprises' File, which is Exhibit 8, and originally included on Plaintiff's Exhibit List.

|   | | | |
|---|---|---|---|
|   |   |   | exhibit. However, if CSAA's Motion for Summary Judgment or Judgment as a Matter of Law is granted with respect to Plaintiffs' bad faith claim, CSAA objects to this exhibit on grounds of 402 and 403 and requests that this exhibit not be taken back to the deliberation room at the conclusion of the case. |
| 5. | CSAA Denial letter dated July 10, 2018 CSAA_COVINGTON 0445-0446 | Y | If Plaintiffs' bad faith claim goes to the jury, CSAA has no objection to this exhibit. However, if CSAA's Motion for Summary Judgment or Judgment as a Matter of Law is granted with respect to Plaintiffs' bad faith claim, CSAA objects to this exhibit on grounds of 402 and 403 and requests that this exhibit not be taken back to the deliberation room at the conclusion of the case. |
| 6. | Boardwalk Floor Company Inspection Report CSAA_COVINGTON 0003 | Y | 402, 403, and 801, *et seq.* |
| 7. | Hi-Tech Plumbing & Leak Detect, Inc. Inspection report CSAA_COVINGTON 0450 | Y | 402, 403, and 801, *et seq.* |
| 8. | Ian's Enterprise Claim File CSAA_COVINGTON 0472-0510 | Y | 402, 403, and 801, *et seq.* |
| 9. | Discovery Responses of Defendants | Y | Vague; unidentified. |
| 10. | Discovery Responses of Plaintiffs | Y | Vague; unidentified. |
| 11. | Photographs of the Damage To Property CSAA_COVINGTON | Y | Vague; unidentified. |

| NO. | DESCRIPTION | OBJECTION | FRE |
|---|---|---|---|
|  | 0024-0187, 0404-0421, 0496-0508 |  |  |
| 12. | Don Ray Sharp Report CSAA_COVINGTON 0464-0471 | Y | 402, 403, and 801, *et seq.* |
| 13. | Deposition Testimony of Alana Hare | Y | Improper exhibit. |
| 14. | Premier Carpet and Restoration Invoices and Report CSAA_COVINGTON 0206-0207 | Y | 402, 403, and 801, *et seq.* |
| 15. | Smith Brothers Heat and Air Report CSAA_COVINGTON 0208-0209 | Y | 402, 403, and 801, *et seq.* |

B. <u>Defendant</u>:

| NO. | DESCRIPTION | OBJECTION | FRE |
|---|---|---|---|
| 1 | Homeowners Policy and Declarations CSAA_COVINGTON 0312-400 |  |  |
| 2 | Boardwalk Floor Company inspection report CSAA_COVINGTON 0449 | Y | Hearsay; FRE 802, 611 |
| 3 | Hi-Tech Plumbing inspection report and photos CSAA_COVINGTON 0450, 0402-0432 | Y | Hearsay; FRE 802, 611 |
| 4 | Coverage Letter CSAA_COVINGTON 0445-0446 |  |  |
| 5 | Coverage Letter Following Additional Submission |  |  |

7

| | | | |
|---|---|---|---|
| | CSAA_COVINGTON 0571 | | |
| 6 | Claim Notes CSAA_COVINGTON 0593-0710 | | |
| 7 | CSAA estimate - 05/29/18, including audit trail, sketch, and price variation report CSAA_COVINGTON 0004-0023 | | |
| 8 | CSAA estimate – Photos CSAA_COVINGTON 0024-0187 | | |
| 9 | Correspondence between IA (Ian Ruppert) and CSAA CSAA_COVINGTON 0188-0191, 0254-0303, 0304-0311, 0434-0436, 0447-0511 | | |
| 10 | Correspondence between CSAA and Plaintiff Jeffrey Covington CSAA_COVINGTON 0192-0200 | | |
| 11 | Don Ray Sharp Report CSAA_COVINGTON 0464-0471 | Y | Hearsay; FRE 802, 611 |
| 12 | ISO Claims Reports CSAA_0579-0592 | Y | Hearsay; Irrelevant; Probative Value Is Outweighed by Prejudicial Effect; FRE 611, 401, 402, 403 |

**7.** **WITNESSES**: The following exclusionary language **MUST** be included:

Unlisted witnesses in chief will not be permitted to testify unless, by order of the court, the final pretrial order is amended to include them.

A.   Plaintiffs:

| No. | Name and Address | Testimony |
|---|---|---|
| 1. | Tammy Covington<br>c/o Douglas Shelton<br>Shelton & Walkley Law Group<br>7701 S. Western Ave. Ste. 201<br>Oklahoma City, OK 73139 | Deposed; purchase of insurance; initial water loss, unaware of damages, cost of repair, denial of claim, unreasonableness of denial and underpayment, representations of Defendant's adjusters. |
| 2. | Jeffrey Covington<br>c/o Douglas Shelton<br>Shelton & Walkley Law Group<br>7701 S. Western Ave. Ste. 201<br>Oklahoma City, OK 73139 | Deposed; purchase of insurance; initial water loss, unaware of damages, cost of repair, denial of claim, unreasonableness of denial and underpayment, representations of Defendant's adjusters. |
| 3. | Ian Rupert<br>c/o Douglas Shelton<br>Shelton & Walkley Law Group<br>7701 S. Western Ave. Ste. 201<br>Oklahoma City, OK 73139 | Deposed; Inspections and estimates performed at Plaintiff's request; guidelines, rules and restrictions applicable to work performed; nature, cause and extent of damages sustained by Plaintiffs' home; applicable policy provisions; inspections and estimates related to Plaintiffs' home; contacts with Defendant and/or individuals associated with Defendant. |
| 4. | Matthew Amick<br>Hi-Tech Plumbing<br>3712 East 2nd Street<br>Edmond, OK 73034 | Inspections and estimates performed at Defendant's request; nature, cause and extent of damages sustained by Plaintiffs' home; inspections and estimates related to Plaintiffs' home; contacts with Defendant and/or individuals associated with Defendant; issues raised by Defendant. |
| 5. | Danny Griffin<br>Boardwalk Floor Company<br>10117 South Morgan Road<br>Mustang, OK 73064 | Inspections and estimates performed at Defendant's request; nature, cause and extent of damages sustained by Plaintiffs' home; inspections and estimates related to Plaintiffs' home; contacts with Defendant and/or individuals associated with Defendant; issues raised by Defendant. |

| | | |
|---|---|---|
| 6. | Don Ray Sharp<br>Engineer<br>PO Box 3115<br>Norman, OK 73072 | Inspections and estimates performed at Plaintiff's request; guidelines, rules and restrictions applicable to work performed; nature, cause and extent of damages sustained by Plaintiffs' home; inspections and estimates related to Plaintiffs' home |
| 7. | Sean Agha<br>Premier Carpet and Restoration | Inspections and estimates performed at Defendant's request; nature, cause and extent of damages sustained by Plaintiffs' home; inspections and estimates related to Plaintiffs' home; contacts with Defendant and/or individuals associated with Defendant; issues raised by Defendant. |
| 8. | Michael Moriatry<br>Smith Brothers Heat and Air | Inspections and estimates performed at Defendant's request; nature, cause and extent of damages sustained by Plaintiffs' home; inspections and estimates related to Plaintiffs' home; contacts with Defendant and/or individuals associated with Defendant; issues raised by Defendant. |
| 9. | Norma Ortega<br>Custodian of Records, CSAA<br>c/o Gerard Pignato<br>900 Robinson Renaissance | Reviewed observations of damage to Plaintiffs home, cost of repairs, conversations with adjusters and Plaintiffs. |
| 10. | Alana Hare<br>AAA Adjuster Supervisor<br>c/o Gerard Pignato<br>900 Robinson Renaissance<br>119 N. Robinson<br>Oklahoma City, OK 73102 | Deposed; Inspections and estimates performed at Defendant's request; guidelines, rules and restrictions applicable to work performed at Defendant's request; nature, cause and extent of damages sustained by Plaintiffs' home; inspections and estimates related to Plaintiffs' home; applicable policy provisions; contacts with Defendant and/or individuals associated with Defendant; issues raised by Defendant. |

| 11. | Danielle Perez<br>AAA Claims Adjuster<br>c/o Gerard Pignato<br>900 Robinson Renaissance<br>119 N. Robinson<br>Oklahoma City, OK 73102* | Inspections and estimates performed at Defendant's request; guidelines, rules and restrictions applicable to work performed at Defendant's request; nature, cause and extent of damages sustained by Plaintiffs' home; inspections and estimates related to Plaintiffs' home; applicable policy provisions; contacts with Defendant and/or individuals associated with Defendant; issues raised by Defendant. |
| --- | --- | --- |
| 12. | Duane Smith<br>HVAC Contractor<br>Smith Brothers | Reviewed observations of damage to Plaintiffs home, cost of repairs, conversations with adjusters and Plaintiffs. |

\* Defense counsel has not agreed to accept service of a trial subpoena for this witness.

    B.    <u>Defendant:</u>

| No. | Name and Address | Testimony |
| --- | --- | --- |
| 1. | Matthew Amick<br>Hi-Tech Plumbing<br>3712 East 2nd Street | Reviewing damage to home and creating report(s)/estimates for Plaintiffs and/or providing repairs. |
| 2. | Matthew Amick<br>Hi-Tech Plumbing<br>3712 East 2nd Street<br>Edmond, OK, 73034 | Reviewing damage to home and creating report(s)/estimates for Plaintiffs and/or providing repairs. |
| 3. | Alana Hare, CSAA<br>3100 Quail Springs Parkway<br>Oklahoma City, Oklahoma 73134 | Handling and investigation of Plaintiff's claim; deposed. |
| 4. | Tammy Covington<br>c/o Plaintiff's Counsel | All allegations in Plaintiffs' Petition; deposed |
|  | Jeffrey Covington<br>c/o Plaintiff's Counsel | All allegations in Plaintiffs' Petition; deposed |

8. **ESTIMATED TRIAL TIME**:

    A.    Plaintiffs' Case:    <u>2 days</u>

    B.    Defendant's Case:    <u>1 day</u>

9. **BIFURCATION REQUESTED**:    Yes_____    No__X__

    2.    **POSSIBILITY OF SETTLEMENT**:    Good__Fair __ Poor__X__

All parties approve this report and understand and agree that this report supersedes all pleadings, shall govern the conduct of the trial, and shall not be amended except by order of the Court.

By: s/ Douglas J. Shelton
Douglas J. Shelton, OBA #8159
dshelton@sheltonlawok.com
SHELTON & WALKLEY LAW GROUP
7701 S. Western Ave., Suite 201
Oklahoma City, OK 73139
(405) 605-8800 - office
(405) 601-0677 - Facsimile
*ATTORNEY FOR PLAINTIFFS,*
*TAMMY COVINGTON AND JEFFREY COVINGTON*

By: s/ Joshua K. Hefner
Gerard F. Pignato, OBA #11473
Matthew C. Kane, OBA #19502
Joshua K. Hefner, OBA #30870
RYAN WHALEY COLDIRON JANTZEN
PETERS & WEBBER PLLC
400 North Walnut Ave.
Oklahoma City, OK 73104
jerry@ryanwhaley.com
mkane@ryanwhaley.com
jhefner@ryanwhaley.com
*ATTORNEYS FOR DEFENDANT*