IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

(1)  TAMMY COVINGTON, and            )
(2)  JEFFREY COVINGTON               )
                                     )
     PLAINTIFFS,                     )   Case No. CIV-19-718-PRW
                                     )
vs.                                  )
                                     )
(1)  CSAA FIRE AND CASUALTY          )
INSURANCE, d/b/a AAA FIRE AND        )
CASUALTY INSURANCE COMPANY,          )
INC.                                 )
                                     )
     DEFENDANT.                      )

**PLAINTIFFS OBJECTIONS TO DEFENDANT'S
REQUESTED INSTRUCTIONS**

**Defendant's Requested Jury Instruction No 6**. Plaintiffs object to Defendant's Requested Jury Instruction No. 6 (Speculative Damages). In that regard, "[t]he rule in Oklahoma … is that the prohibition against recovery of damages because the loss is uncertain or too speculative in nature applies to the fact of damages, not to the amount." *Rainbow Travel Serv., Inc. v. Hilton Hotels Corp.*, 896 F.2d 1233, 1239 (10th Cir. 1990) (citing *Martin v. Griffin Television, Inc.,* 1976 OK 13, 549 P.2d 85, 92) (emphasis added). *See also Oklahoma Transp. Co. v. Hays*, 1965 OK 20, 405 P.2d 181, 184 (quoting 25 C.J.S. Damages § 28, p. 493 for the proposition that: "[t]he rule against the recovery of uncertain damages generally has been directed against uncertainty as to cause rather than uncertainty as to measure or extent. * * *."); *Bane v. Anderson, Bryant & Co.,*1989 OK 140, 786 P.2d 1230, 1236 ("[w]here the issue of uncertainty of

1

damages arises, the rule limiting recovery of uncertain damages applies to the fact of such damages, not their measure.").

> Oklahoma Uniform Jury Instruction 23.52 provides:
>
> In order to award damages to [Plaintiffs] you must be satisfied by the greater weight of the evidence that [he/she/it] did in fact suffer a loss which was caused by the breach. Once you are satisfied that [Plaintiffs] did suffer such a loss, you should award damages even if you are uncertain as to the exact amount. The amount of damages does not have to be proved with mathematical certainty, but there must be a reasonable basis for the award.

Once the cause of damage is established, those losses may be recovered despite some speculation as to their amount. *Ward v. H. B. Zachry Const. Co.*, 570 F.2d 892, 898 (10th Cir. 1978). In that regard, "The general rule is that, where the cause and existence of damages has been established with requisite certainty, recovery will not be denied because such damages are difficult of ascertainment." *Kobe, Inc. v. Dempsey Pump Co.*, 198 F.2d 416, 426 (10th Cir. 1952) (quoting *Hoffer Oil Corp. v. Carpenter*, 34 F.2d 589, 592 (10th Cir. 1929). Once the fact of damage has been established with the requisite degree of certainty, a plaintiff will not be barred from recovery for failing to prove the amount of loss with mathematical certainty. *Loughridge v. Chiles Power Supply Co., Inc.*, 431 F.3d 1268, 1281 (10th Cir. 2005) (applying Colorado law) (citation omitted). The amount of damages to be awarded is a matter within the sole province of the jury, and such award may not be disturbed unless it is completely without support in the record. *Id.* (citation omitted). "Where it is made to appear that some loss has been suffered, it is proper to let the jury determine

what the loss is from the best evidence the nature of the case admits." *Rainbow Travel Serv., Inc.,* 896 F.2d at 1239 (quoting *Hardesty v. Andro Corporation–Webster Division,* 1976 OK 129, 555 P.2d 1030, 1035).

Moreover, "[a] defendant whose wrongful conduct has caused the difficulty in assessing damages cannot complain that the damages are somewhat speculative." *Brunswick Corp. v. Spinit Reel Co.*, 832 F.2d 513, 526 (10th Cir. 1987) (citing *Eastman Kodak Co. v. Southern Photo Materials Co.,* 273 U.S. 359, 379, 47 S. Ct. 400, 405, 71 L.Ed. 684 (1927) and *DeVries v. Starr,* 393 F.2d 9, 20–21 (10th Cir. 1968). Evidence of the amount of damages may be circumstantial and inexact. *Eastman Kodak Co.,* 273 U.S. at 379, 47 S.Ct. at 405. As stated in *Bangor Punta Operations, Inc. v. Universal Marine Co., Ltd.*, 543 F.2d 1107, 1110–11 (5th Cir. 1976):

> [I]n a case such as this, where the wrong is of such a nature as to preclude exact ascertainment of the amount of damages, plaintiff may recover upon a showing of the extent of the damages as a matter of just and reasonable inference, although the result may be only an approximation. *Story Parchment Co. v. Paterson Parchment Paper Co.*, 282 U.S. 555, 563, 51 S. Ct. 248, at 250, 75 L.Ed. 544 (1931). The wrongdoer may not complain of inexactness where his actions preclude precise computation of the extent of the injury. *Eastman Kodak Co. v. Southern Photo Co.*, 273 U.S. 359, 379, 47 S. Ct. 400, 71 L.Ed. 684 (1927). *Kestenbaum v. Falstaff Brewing Corporation*, 514 F.2d 690, 698 (5th Cir. 1975).

*See also*, *Larrance Tank Corp. v. Burrough*, 1970 OK 205, 476 P.2d 346, 350, one of the cases cited by CSAA in support of its Requested Jury Instruction No. 6, where the Court stated:

> Admittedly, the amount of damages may not be based on mere

3

speculation, conjecture, and surmise alone. <u>But when a breach of a contractual obligation with resulting damages has once been established, the mere uncertainty as to the exact amount of damages will not preclude the right of recovery</u>. It will be sufficient if the evidence shows the extent of the damages as a matter of just and reasonable inference.

CSAA's Requested Jury Instruction No. 6 fails to draw any distinction between the <u>fact</u> of damage and the <u>amount</u> of those damages. However, as set forth above, the rule against speculative damages only applies to the fact that they were sustained at all. For this reason, CSAA's Requested Jury Instruction No. 6 is inaccurate and should not be given.

**Defendant's Requested Jury Instruction No. 12.** Plaintiffs object to Defendant's Requested Jury Instruction No. 12 (Concurrent Causes) for several reasons, the first being that CSAA's Requested Instruction fails to mention that <u>it</u> has the burden to prove that an insurance policy exclusion applies to an insured's claim. *See, e.g.*, *Pitman v. Blue Cross and Blue Shield of Okla.,* 217 F.3d 1291, 1298 (10th Cir. 2000) (noting that "[a] basic rule of insurance law provides that the insured has the burden of showing that a covered loss has occurred, <u>while the insurer has the burden of showing that a loss falls within an exclusionary clause of the policy</u>.") (emphasis added); *McGee v. Equicor-Equitable HCA Corp.*, 953 F.2d 1192, 1205 (10th Cir. 1992) ("It is a basic rule of insurance law that the insured carries the burden of showing a covered loss has occurred and the insurer must prove facts that bring a loss within an exclusionary clause of the policy."); *Gen. Acc., Fire & Life Assur. Corp. v. Hymes,* 1919 OK 363, 77 Okla. 20,

4

185 P. 1085, 1085 ("<u>The burden of proof rests upon the insurer</u> to establish the fact that death or injury has resulted from one of the excepted clauses enumerated in a policy of accident insurance.") (emphasis added). CSAA's Requested Jury Instruction fails to inform the jury that it, not the Plaintiff's have the burden to prove that a policy exception applies.

Oklahoma has adopted the efficient proximate cause doctrine. *See Shirey v. Tri– State Ins. Co.,* 1954 OK 214, 274 P.2d 386, 388–89. Under the efficient proximate cause doctrine, *"[i]f the insured successfully demonstrates that the proximate cause of the loss is covered under the policy,* the entire loss is covered notwithstanding the fact that an event in the chain of causation was specifically excluded from coverage. *Duensing v. State Farm Fire & Cas. Co.*, 2006 OK CIV APP 15, ¶ 16, 131 P.3d 127, 133 (citing *Kelly v. Farmers Insurance Company, Inc.,* 281 F. Supp.2d 1290, 1296 (W. D. Okla. 2003) (emphasis in original). Under this doctrine, once the predominant cause of the loss is identified, coverage turns on whether it is a covered or excluded cause of loss under the policy. Here, the leak caused by the clogged condensate line, is indisputably a covered cause of loss. As noted in *Kelly v. Farmers Ins. Co., Inc.*, 281 F. Supp. 2d 1290, 1300 (W.D. Okla. 2003):

> [T]o contract around the [efficient proximate cause] doctrine, the policy provision intended to affect the circumvention must explicitly and specifically disclaim coverage for losses that arise from a combination of excluded and covered causes, regardless of the sequence in which the various causes occurred.

In this case, the Plaintiffs have demonstrated that the loss at issue was

caused by a clog in the condensate line– a covered cause of loss that was covered under the CSAA policy, a covered cause of loss according to the adjuster who investigated this claim on behalf of the Covington's.

For the reasons set forth above, CSAA's Requested Jury Instruction No. 12 should not be given.

**Defendant's Requested Jury Instruction No. 13.** Plaintiffs object to CSAA's Requested Jury Instruction No. 13 (Duty to Mitigate Damages – Property) because there is no evidence that the Plaintiffs failed to mitigate their losses. Plaintiffs took extraordinary measures to mitigate the damages, including scooping the water from HVAC plenum, sopping the water; using towels to dry all visible water; using two fans; using two air movers. The requested instruction does not bear on any issue in the case and therefore should not be given.

**Defendant's Requested Jury Instruction No. 18**. Plaintiffs object to CSAA's proposed Jury Instruction No. 18 (Mistakes in Judgment) because this proposed jury instruction is not approved for use by the Oklahoma Supreme Court. OUJI (3d) CIV. No. 22.2 addresses the circumstances under which an insurer may be held liable for breach of the duty of good faith and fair dealing. OUJI (3d) CIV. No. 22.2 specifically indicates that the Defendant's conduct must have been <u>unreasonable</u> under the circumstances for liability to attach, which completely negates the idea of a mistake being sufficient to impose liability. Plaintiffs urge this Court to use the jury instruction approved by the Oklahoma

Supreme Court and that Defendant's proposed jury instruction should be rejected.

**Defendant's Requested Jury Instruction No. 19.**  Plaintiffs object to CSAA's Requested Jury Instruction No. 19 (Good Faith Belief of Insurer) because this proposed jury instruction is not approved for use by the Oklahoma Supreme Court.  OUJI (3d) CIV. No. 22.2 addresses the circumstances under which an insurer may be held liable for breach of the duty of good faith and fair dealing.  OUJI (3d) CIV. No. 22.2 specifically indicates that the Defendant's conduct must have been <u>unreasonable</u> under the circumstances for liability to attach, which completely negates the idea of a mistake being sufficient to impose liability. Plaintiffs respectfully suggest that the jury instruction approved for use by the Oklahoma Supreme Court should be utilized and that this proposed jury instruction should be rejected.

**Defendant's Requested Instruction No. 20.**  Plaintiffs object to CSAA's Requested Jury Instruction No. 20 (Definition of Bad Faith).  Although CSAA's requested instruction describes actions that CSAA asserts do not constitute "bad faith," the requested instruction is most certainly not a "definition" of "bad faith."  It is also redundant.

In any event, an insurer's duty is not to refrain from acting in bad faith. Rather, insureds are owed an **affirmative** duty of good faith and fair dealing. *E.g., Timmons v. Royal Globe Insurance Company*, 1982 OK 97, 653 P.2d

7

907, 914 (noting that "[t]he gravamen of a *Christian*-type tort is failure to deal fairly and in good faith. Failure to abide by the implied duty imposes liability"). Under Oklahoma law, the issue has always been whether the insurer's actions were reasonable. The Court has repeatedly stated that unreasonableness is the "essence" of the violation of the duty of good faith and fair dealing. *E.g.*, *Buzzard v. Farmers Ins. Co., Inc.*, 1991 OK 127, 824 P.2d 1105, 1109 ("the essence of the tort [is] the unreasonable bad-faith conduct of the insurer"); *Newport v. USAA*, 2000 OK 59, 11 P.3d 190, 195 ("the essence of a bad-faith action 'is the insurer's unreasonable, bad-faith conduct, including the unjustified withholding of payment due under the policy'") (internal citation omitted); *Barnes v. Oklahoma Farm Bureau*, 2000 OK 55, 11 P.3d 162, 174, *appeal after remand*, 2004 OK 25, 94 P.3d 25 ("In a tort case against an insurer for breach of the implied duty of good faith and fair dealing (i.e. for bad faith) it is the unreasonableness of the insurer's actions that is the essence of the tort").

OUJI (3d) CIV. No. 22.1, approved for use by the Oklahoma Supreme Court, clearly states that an insurer has the duty to deal fairly and act in good faith with its insureds. OUJI (3d) CIV. No. 22.2 sets forth what must be shown to prove a violation of the insurer's duty of good faith and fair dealing, including the requirement that the insurer's actions were unreasonable under the circumstances. Those instructions properly set forth the Oklahoma law on the issue and should be used in lieu of CSAA's requested instruction.

**Defendant's Requested Jury Instruction No. 21**. Plaintiffs object to CSAA's Requested Jury Instruction No. 21 (Definition of Negligence), which, as the title implies, is simply a definition of negligence. The concept of negligence is not and has never been an issue in this action. For that reason, such an instruction would be irrelevant and unduly confusing. In that regard, Plaintiffs submit that it makes no sense to instruct the jury on the definition of a legal concept which is not at issue herein.

**Defendant's Requested Jury Instruction No. 22.** Plaintiffs object to CSAA's Requested Jury Instruction No. 22 (Bad Faith Claim - Legitimate Dispute) because it is overly argumentative and does not fairly present the nature of this alleged defense to the jury. It is also duplicative of several other of CSAA's requested instructions.

Moreover, even a "legitimate dispute as to coverage will not act as an impenetrable shield against a valid claim of bad faith" where the insured presents "sufficient 'evidence reasonably tending to show bad faith'" or unreasonable conduct". *Vining on Behalf of Vining v. Enter. Fin. Grp., Inc.*, 148 F.3d 1206, 1214 (10th Cir. 1998) (citing. *inter alia*, *Timberlake Constr. Co. v. U.S. Fidelity & Guar. Co.,* 71 F.3d 335, 343 (10th Cir. 1995). That is, a plaintiff may bring a bad faith cause of action even though a legitimate defense to a breach of contract claim exists if the defendant did not actually rely on that defense to deny payment under the policy. *Id. See also*, *McGill v. State Farm Mut. Auto. Ins. Co.*, 2012

WL 12862820, at *6 (W.D. Okla. Aug. 23, 2012) (same); *Mid-Continent Cas. Co. v. Blutone Enterprises, LLC*, 2010 WL 11520015, at *3 (W.D. Okla. May 7, 2010). Because CSAA's proposed jury instruction does not accurately reflect Oklahoma law, Plaintiffs submit that OUJI (3d) CIV. NOS. 22.1 and 22.2, approved for use by the Oklahoma Supreme Court, should be used in lieu thereof.

**Defendants' Requested Instruction Nos. 23 and 24.** Plaintiffs object to CSAA's Requested Jury Instruction Nos. 23 and 24 (Inadequate Investigation and Bad Faith Standard) because it completely distorts what Plaintiffs' claim is. Plaintiffs' claim is that Defendant's investigation was inadequate because Defendant completely ignored the facts as presented by Plaintiffs and that were contained in an engineer report from Don Sharp. For that reason, Defendants' Requested Instruction should not be given.

Plaintiffs object to Defendant's Requested Instruction No. 24 (Bad Faith Standard) for much the same reasons. Wholly ignoring all of the Plaintiffs' assertions and the results of the investigation Defendant expressly instituted for the purpose of determining what the cause of the Plaintiffs' was due to is neither reasonable nor perfect. This instruction is misleading and should not be given.

**Defendant's Requested Jury Instruction No. 25.** Plaintiffs object to CSAA's Requested Jury Instruction No. 25 (Bad Faith – Damages). Under OUJI (3d) CIV. No. 22.4, a successful plaintiff in an action for breach of the duty

of good faith and fair dealing is entitled to have the jury consider at least the following elements of damages:

1. Financial losses;

2. Embarrassment and loss of reputation; and

3. Mental pain and suffering.

CSAA's requested instruction improperly omits the damage element of Plaintiffs' embarrassment and mental pain and suffering. Mr. Covington has testified that he was embarrassed by CSAA's actions. For that reason, it should not be given, or modified as above.

Respectfully submitted,

By: s/ Douglas J. Shelton
Douglas J. Shelton, OBA #8159
dshelton@sheltonlawok.com
SHELTON & WALKLEY LAW GROUP
7701 S. Western Ave., Suite 201
Oklahoma City, OK 73139
(405) 605-8800 - office
(405) 601-0677 - Facsimile
*ATTORNEY FOR PLAINTIFFS,*
*TAMMY COVINGTON AND JEFFREY COVINGTON*

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 3, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Gerard F. Pignato, OBA #11473
Matthew C. Kane, OBA #19502
Joshua K. Hefner, OBA #30870
RYAN WHALEY COLDIRON JANTZEN
PETERS & WEBBER PLLC
400 North Walnut Ave.
Oklahoma City, OK  73104
jerry@ryanwhaley.com
mkane@ryanwhaley.com
jhefner@ryanwhaley.com
*ATTORNEYS FOR DEFENDANT*


/s/ Douglas J. Shelton
Douglas J. Shelton