IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) TAMMY COVINGTON, and<br>(2) JEFFREY COVINGTON, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. CIV-19-00718-PRW |
| (1) CSAA FIRE AND CASUALTY INSURANCE, d/b/a AAA FIRE AND CASUALTY INSURANCE COMPANY, INC., | ) ) ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Motion for Leave to File Supplement to Motion for Summary Judgment and Request for Order Expediting Plaintiffs' Objection (Dkt. 63) (hereinafter, the "Motion"), in which Defendant asks the Court for leave to file a supplement to its Motion for Summary Judgment (Dkt. 15). Defendant argues that new deposition testimony from Alana Hare "is highly pertinent to this Court's consideration of both the contractual grounds for denial and the reasonable basis for that denial," and therefore ought to be before the Court for its consideration on summary judgment.[1]

Plaintiffs, for their part, object to the request. In Plaintiffs' view, the Motion should be denied for two reasons. First, Plaintiffs argue that Defendant failed to comply with Local Civil Rule 15.1 by "not attach[ing] the proposed pleading as an exhibit to the motion,"

---

[1] Def.'s Mot. for Leave to File Suppl. to Mot. for Summ. J. and Req. for Order Expediting Pls.' Obj. (Dkt. 63) ¶¶ 2–3.

thereby rendering Plaintiffs incapable of discerning, and therefore commenting on, the evidence that Defendant will include in the prospective supplement. Second, Plaintiffs argue that Alana Hare, as a supervisor at CSAA, was available to Defendant prior to her deposition, and, as such, nothing in her deposition is new. And if there is no new evidence, Plaintiffs continue, then there is no reason for supplementation.

To Plaintiffs' first contention, and as Defendant correctly points out, Local Civil Rule 15.1 applies only to "amended and supplemental pleadings." The instant motion is not a pleading, and therefore Local Civil Rule 15.1 does not apply. Instead, Local Civil Rule Local Civil Rule 7.1(i) governs and, as pertinent here, provides simply that "[s]upplemental briefs may be filed only upon motion and leave of court."

Thus, the inquiry turns on the second contention—namely, whether there is new evidence justifying supplemental briefing. While it is true that Alana Hare, as an employee of CSAA, was available to Defendant throughout, the deposition testimony as elicited by Plaintiffs was not. Accordingly, there is new evidence justifying a supplemental brief.

The Court therefore **GRANTS WITH MODIFICATIONS** Defendant's Motion for Leave to File Supplement to Motion for Summary Judgment and Request for Order Expediting Plaintiffs' Objection (Dkt. 63). Defendant is to file any supplement to its Motion for Summary Judgement no later than Monday, September 14, 2020; Plaintiffs are

to file any response to that supplement[2] no later than Friday, September 18, 2020; and neither brief shall exceed five pages in length.

      **IT SO ORDERED THIS 10th day of September, 2020.**

                                              PATRICK R. WYRICK
                                              UNITED STATES DISTRICT JUDGE

---

[2] The Court reminds Plaintiffs that any such response should be strictly limited to the matters raised in Defendant's supplemental brief.