IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

TAMMY COVINGTON and )
JEFFREY COVINGTON, )
                 )
           Plaintiffs, )
                 )
vs. )     Case No. 19-cv-00718-PRW
                 )
CSAA FIRE AND CASUALTY )
INSURANCE, d/b/a AAA FIRE AND )
CASUALTY INSURANCE COMPANY, INC. )
                 )
           Defendant. )

**SUPPLEMENT TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to the Court's Order of September 10, 2020 [Dkt. No. 70], Defendant CSAA Fire and Casualty Insurance Company submits this Supplement to its Motion for Summary Judgment. [Dkt. No. 15]. The interpretation of the contract is a matter of law appropriate for the Court to decide on summary judgment. *Cherokee Nation v. Stitt*, No. CIV-19-1198-D, 2020 WL 4340549, at *2 (W.D. Okla. July 28, 2020), citing *Pub. Serv. Co. of Okla. v. Burlington N. R. Co.*, 53 F.3d 1090, 1096 (10th Cir. 1995). Similarly, the Court may appropriately grant summary judgment on a bad faith claim where "the insured [does not] present evidence from which a reasonable jury could conclude that the insurer did not have a reasonable good faith belief for [its determination]." *Houchin v. Hartford Life Ins. Co.*, No. CIV-14-522-D, 2016 WL 502075, at *6 (W.D. Okla. Feb. 8, 2016), citing, among others, *Oulds v. Principal Mut. Life Ins. Co.*, 6 F.3d 1431, 1436 (10th Cir. 1993).

Central to Plaintiff's claims is the policy provision on "seepage or leakage of water or the presence of humidity, moisture or vapor."  [Dkt. No. 15-1 at CSAA_COVINGTON 0389].  Plaintiff's counsel questioned Alana Hare, a CSAA supervisor who reviewed the denial of Plaintiffs' claim, regarding the provision at issue:

> **Q**    **And then it says, "Unless such seepage or leakage of water or the presence or condensation of humidity, moisture or vapor is unknown to all insureds and is hidden within the walls or ceilings or beneath the floors or above the ceilings of a structure." Did I read that right?**
>
> A    Yes.
>
> **\*\*\***
>
> **Q**    **Okay. So if the moisture that caused the damages is unknown to Jeffrey and Mrs. Covington, and was hidden beneath the floors, then this exclusion for constant or repeated seepage doesn't apply; is that fair?**
>
> A    Yes.

Deposition of Alana Hare, attached as **EXHIBIT 1**, 78:25-79:19.

The plain language of the provision, even as paraphrased by Plaintiffs' counsel, reflects a two-prong exception.  That is, the seepage or leakage of water or the presence of humidity, moisture or vapor must be both (1) "unknown to all insureds" and (2) "hidden within the walls or ceiling or beneath the floors or above the ceilings of a structure." *See, e.g., Calhoun v. Providence Mut. Fire Ins. Co.*, 204 F. Supp. 3d 436, 441-442 (D. Conn. 2016) (endorsement "makes clear that Providence Mutual will provide coverage to its insured only if (a) both the cause of the damage and the resulting damage are unknown to

all 'insureds,' and (b) the seepage, leakage, condensation and/or damage is 'hidden within the walls or ceilings or beneath the floors or above the ceilings of a structure.'").

Thus, the provision includes both subjective ("unknown to insureds") and objective ("hidden" in certain limited ways) elements that Plaintiffs must overcome.  Plaintiffs simply cannot meet the objective component, as the "seepage or leakage of water or the presence of humidity, moisture or vapor" was clearly visible in the HVAC closet itself (and the crawlspace under the HVAC closet), and thus was not "hidden *within* the walls or ceilings or *beneath* the floors or *above* the ceilings of the structure." [Dkt. No. 15-1 at CSAA_COVINGTON 0389]; *see Calhoun*, 204 F. Supp. 3d at 442 (plaintiffs "do not dispute the fact that the mold discovered by Mr. Kirkpatrick was visible on the walls of the basement… Under the clear and ambiguous language of the Policy, the Calhouns' loss for mold was not covered.").

Ms. Hare testified regarding the visibility of the moisture.  *See e.g.,* **EXHIBIT 1** at 29:3-9 ("[W]e know that there was still the presence of moisture. And the reason why we would know that is because the mold and rot underneath the flooring itself. But also in the HVAC closet, that that flooring is deteriorated as well."); 30:1-5 ("[T]he assumption is when the water was seen, and the water came out from the closet, that it sitting there, because I don't have photos from when the damage first occurred, that it produced mold and rot."); *see also,* Dkt. No. 24-7 at 2 ("This water discharge would pool on the utility closet floor") and 3 ("there was continuous standing water in the utility closet").

Just as in *Calhoun*, where mold on a basement wall was not "hidden," even if "unknown" to the insureds, the moisture here was not "hidden within the walls or ceiling

or beneath the floors or above the ceilings of a structure."  Rather, water pooled in the

utility closet for a period of weeks before it leaked onto the floors of Plaintiffs' home.  Thus

it was not "hidden" under the plain terms of the Policy.

Plaintiffs similarly cannot establish the subjective component – i.e., that the

water/moisture was "unknown" to the insureds.  As Ms. Hare testified in response to

Plaintiff's inquiries:

> **Q      Does AAA have any evidence that the water or condensation that AAA has talked about in its denial was, in fact, not hidden beneath the floors?**
>
> A      It wasn't hidden beneath the floors.
>
> **Q      I'm sorry?**
>
> A      It was not hidden beneath the floors?
>
> **Q      That's what you're saying?**
>
> A      Yeah. It was visible on the day that Mr. Covington cleaned it up. That would be not hidden under the floors.
>
> **\*\*\***
>
> **Q      Okay. I'm not saying it's not present; I'm saying it was hidden.**
>
> A      But I can't separate the two. I guess in my brain I don't separate the two. It's all related to the same loss.
>
> **Q      Okay.**
>
> A      So I can't separate -- I'm not separating -- in the same loss I'm not going to separate this water because it's visible and this water because it's hidden. It's all related to the same loss.
>
> **Q      Okay. So what you're saying is, is that if it's ever visible, it's never hidden?**

4

A        Correct.

**EXHIBIT 1** at 80:6-81:10; *see also,* 45:7-9 ("We already know that the water it's not hidden because there was water that Mr. Covington walked in to."); *see also,* Dkt. No. 24-3 at 97:9-25 (Mr. Covington's stating that he was "scooping up water to get it out"); Dkt. No. 15, Undisputed Material Facts 3 and 6, and admitted by Plaintiffs in Dkt. No. 24 (Mr. Covington aware of leak and condensation problems).

In light of the plain language of the provision at issue, summary judgment should be granted on the breach of contract and bad faith claims.  Moreover, Ms. Hare's testimony regarding the unknown and hidden components of the provision at issue establish that CSAA Fire had a reasonable basis for its determination, even if the policy still provided coverage (which CSAA Fire disputes).

Respectfully submitted,

*s/ Matthew C. Kane*

Gerard F. Pignato, OBA No. 11473
Matthew C. Kane, OBA No. 19502
Joshua K. Hefner, OBA No. 30870
RYAN WHALEY COLDIRON JANTZEN
   PETERS & WEBBER PLLC
400 North Walnut Avenue
Oklahoma City, Oklahoma 73104
Telephone:    405-239-6040
Facsimile:    405-239-6766
Email:        jerry@ryanwhaley.com
              mkane@ryanwhaley.com
              jhefner@ryanwhaley.com

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2020, I electronically transmitted the attached document to:

Douglas J. Shelton – dshelton@sheltonlawok.com

*s/Matthew C. Kane*
For the Firm