IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) TAMMY COVINGTON, and<br>(2) JEFFREY COVINGTON<br><br>   PLAINTIFFS,<br><br>vs.<br><br>(1) CSAA FIRE AND CASUALTY INSURANCE, d/b/a AAA FIRE AND CASUALTY INSURANCE COMPANY, INC.<br><br>   DEFENDANT. | Case No. CIV-19-718-PRW |

### PLAINTIFFS' RESPONSE TO DEFENDANT'S SUPPLEMENT TO MOTION FOR SUMMARY JUDGMENT

COMES NOW the Plaintiffs, Tammy and Jeffrey Covington, and submit their Response to Supplement To Defendant's Motion for Summary Judgment [Doc # 71].

Plaintiffs' claim is very simple. Plaintiffs claim that on August 8, 2017, their HVAC condensate drain line clogged and failed, causing a leak and damage to the wood floors of their home. Plaintiffs claim this was a one-time flooding event. It was not constant or repeated, as Defendant assumes. Defendant agrees if it is a one-time event, it is covered. Defendant also agrees that if it is constant or repeated seepage or leakage it is still covered if the presence of the constant or repeated leakage is unknown to the insureds, and the water is hidden from the insureds. Importantly, CSAA fails to note that, regardless of how long it took place, all the water came from the HVAC condensate clog.

1

Defendant's assumption that this is not a one-time loss is incorrect and disputed. In fact, Plaintiff, Jeffrey Covington, testified as follows:

```
5      Q.  So really, according to you, it was a onetime
6   event where you saw this water on the floor, correct?
7      A.  Yes.
```

Deposition of Jeffrey Covington, attached as Exhibit 1, 116:5-7.

Defendant admits if it is a one-time event, it is covered.

```
14 Q (By Mr. Shelton) So if we have an HVAC
15 drainpipe that overflowed, it clearly caused
16 damage on that day, right?
17 A Correct.
18 Q And then wouldn't that be a covered
19 loss?
20 A On that day?
21 Q Yes, ma'am.
22 A If it was a one-time event, yes.
```

Deposition of Alana Hare, attached as Exhibit 2, 33:14-22.

Though Plaintiffs continue to assert it was a one-time event, for purposes of responding to Defendant's Supplement, the pertinent language of the policy states as follows:

> SECTION I - PERILS INSURED AGAINST
> **We insure against** risk of **direct physical loss to property** described in Coverages A, B and C.
> We do not insure, however, for loss: ...
> Under Coverages A, B and C:
>     1. Excluded under Section I - Exclusions;
>     2. Caused by:
> d. **Constant or repeated seepage or leakage of "water" or the presence or condensation of humidit**y, [is excluded] . . . **unless** such seepage or leakage of "water" or the presence or condensation

2

> of humidity, moisture or vapor is **unknown** to all "insureds" and is **hidden** . . . **beneath the floors**….

Defendant's Claim Supervisor, Alana Hare, testified regarding the applicability of this provision. Her pertinent testimony is as follows.

```
2 Q And it excludes constant or repeated
3 seepage or leakage as stated in here, okay? I'm
4 not going to repeat it every time.
5 A Right. Yeah.
6 Q "Unless that seepage is unknown to all
7 insureds and is hidden beneath the floors," right?
8 A Correct.
9 Q So -- so is it fair to say that the
10 exclusion doesn't apply if that leakage or water
11 is unknown to all insureds and is hidden beneath
12 the floors?
13 A Correct.
14 Q Okay. So if the moisture that caused
15 the damages is unknown to Jeffrey and Mrs.
16 Covington, and was hidden beneath the floors, then
17 this exclusion for constant or repeated seepage
18 doesn't apply; is that fair?
19 A Yes.
20 Q Does AAA have any evidence that the
21 Covingtons had any knowledge of water on the
22 floors or under the floors other than the one day
23 that Jeffrey Covington said that he saw it and
24 cleaned it up?
25 A No.
```

Deposition of Alana Hare, attached as Exhibit 2, 79:2 – 25.

```
1 Q Does AAA have any evidence that the
2 Covingtons had knowledge of condensation or water
3 under the floors at any time?
4 A No.
```

Deposition of Alana Hare, attached as Exhibit 2, 80:1–4.

3

Defendant cites *Calhoun v Providence Mut. Fire Ins. Co.*, 204 F. Supp. 3d 436, which construes the subject policy exclusion. However, *Calhoun* deals with mold which is clearly visible - not hidden - as it is open and obvious on a wall. It also indisputably deals with damage from a faucet that had been leaking for an extended period of time. The Calhoun's did not even claim that the mold damage was hidden. Since Mr. and Mrs. Covington only knew about one leak, one time, the constant or repeated seepage provision of the policy is not relevant.

Defendant claims that "water pooled in the utility closet for a period of weeks" [Doc # 71, p. 4]. Plaintiffs deny this assertion. It is an assumption made by Defendant. There is no one who saw such a scene or anything similar. The only water Plaintiffs knew about was on August 8, 2017 during the one-time flooding event. Importantly, the water underneath the floors was never visible to Plaintiffs or anyone else and was always hidden. The only water that was visible was mitigated and cleaned and dried by Plaintiffs immediately, on August 8, 2017. Ms. Hare testified that in her opinion if you see water above the floor you can never have hidden water beneath the floor [Doc #71, p. 4-5]. This is her opinion, one not based on any facts or law.

CSAA has the burden to prove that the "cause" of Plaintiffs' loss was constant or repeated seepage of [*sic*] leakage of water over a period of weeks, months, or years resulting in visible water damage. CSAA also has the burden of proving that the insureds knew of the hidden water. *See, e.g., Pitman v. Blue*

4

*Cross and Blue Shield of Okla.,* 217 F.3d 1291, 1298 (10th Cir. 2000) (noting that "[a] basic rule of insurance law provides that the insured has the burden of showing that a covered loss has occurred, <u>while the insurer has the burden of showing that a loss falls within an exclusionary clause of the policy</u>.") (emphasis added); *McGee v. Equicor-Equitable HCA Corp.*, 953 F.2d 1192, 1205 (10th Cir. 1992) ("It is a basic rule of insurance law that the insured carries the burden of showing a covered loss has occurred and the insurer must prove facts that bring a loss within an exclusionary clause of the policy."); *Gen. Acc., Fire & Life Assur. Corp. v. Hymes*, 1919 OK 363, 77 Okla. 20, 185 P. 1085, 1085 ("The burden of proof rests upon the insurer to establish the fact that death or injury has resulted from one of the excepted clauses enumerated in a policy of accident insurance.").

Because this was a one-time event, there is coverage under the policy. Even if it was more than a one-time event, such water was hidden and unknown to the Covingtons. Therefore, the exclusions claimed by Defendant do not apply and Plaintiffs were wrongfully denied payment for their damages. Summary judgment for both the contract and bad faith claims should be denied.

WHEREFORE, Plaintiffs request that the Motion for Summary Judgment be denied.

Respectfully Submitted,

s/ Douglas J. Shelton
Douglas J. Shelton, OBA #8159
dshelton@sheltonlawok.com
SHELTON & WALKLEY LAW GROUP
7701 S. Western Ave., Suite 201
Oklahoma City, OK 73139
(405) 605-8800 - office
(405) 601-0677 - Facsimile
*ATTORNEYS FOR PLAINTIFFS,*
*TAMMY COVINGTON AND JEFFREY COVINGTON*

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Gerard F. Pignato, OBA #11473
Matthew C. Kane, OBA #19502
Joshua K. Hefner, OBA #30870
RYAN WHALEY COLDIRON JANTZEN
PETERS & WEBBER PLLC
400 North Walnut Ave.
Oklahoma City, OK 73104
jerry@ryanwhaley.com
mkane@ryanwhaley.com
jhefner@ryanwhaley.com
*ATTORNEYS FOR DEFENDANT*


/s/ Douglas J. Shelton
Douglas J. Shelton

6