IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TAMMY COVINGTON and ) <br> JEFFREY COVINGTON, ) <br> ) <br>    Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> CSAA FIRE AND CASUALTY ) <br> INSURANCE, d/b/a AAA FIRE AND ) <br> CASUALTY INSURANCE COMPANY, INC. ) <br> ) <br>    Defendant. ) | Case No. 19-cv-00718-PRW |

### CSAA FIRE AND CASUALTY INSURANCE COMPANY'S MOTION FOR ATTORNEY FEES AND BRIEF IN SUPPORT

Pursuant to 12 O.S. § 696.4 and 36 O.S. § 3629, Defendant CSAA Fire and Casualty Insurance Company ("CSAA") respectfully submits this Motion for Attorney Fees. In support, Defendants respectfully show this Court the following:

### I. FACTUAL AND PROCEDURAL BACKGROUND

This matter concerns a breach of contract and bad faith action filed on July 19, 2019. Plaintiffs alleged that CSAA breached its contract with Plaintiffs when it denied coverage for losses resulting from water damage in August 2017. Plaintiffs did not report the damage until May 15, 2018. Exhibit 1, at CSAA_COVINGTON 0673. Their public adjuster submitted the proof of loss on May 22, 2018. *Id.* at CSAA_COVINGTON 0201, 0255. CSAA denied coverage on July 9, 2018. *Id.* at CSAA_COVINGTON 0445. On October 23, 2020, this Court entered judgment in favor of CSAA and against Plaintiffs on all claims. [Dkt. No. 78]. Thus, CSAA is clearly the prevailing party in this lawsuit. As such, Plaintiff

respectfully requests that this Court enter its Order awarding attorneys' fees to CSAA as authorized under 12 O.S. § 696.4 and required pursuant to 36 O.S. § 3629. As set forth herein, CSAA has incurred $ 49,742.00 in reasonable and necessary attorneys' fees as of the last billing period before this Motion was filed, and seek to recover that amount as well as any additional fees incurred by them through the hearing on this Motion.

## II.     ARGUMENT AND AUTHORITIES

### A. CSAA is Entitled to Recover Its Attorneys' Fees Pursuant to 36 O.S. § 3629.

Under the Oklahoma Insurance Code, CSAA is entitled to recover attorneys' fees in this action. Pursuant to 36 O.S. § 3629, when a lawsuit is filed by an insured against an insurer, "[u]pon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party." In order to recover attorneys' fees under this statute, an insurer must show "(l) plaintiff made a proof of loss to defendant under an insurance policy; (2) defendant submitted a written offer of settlement or rejection of the claim within [sixty] days of receipt, and (3) defendant is the prevailing party within the meaning of Section 3629(B)." *Stanley v. Farmers Ins. Co.,* 2007 WL 2155784, at• 1 (W.D. Okla. July 24, 2007) (applying Oklahoma law).[1]

In determining whether the defendant is the prevailing party, the Oklahoma Supreme Court has noted that "'[t]he insurer is the prevailing party only when the judgment

---

[1] "In diversity cases, an award of attorney's fees is a substantive legal issue determined by state law." *ABAB, Inc. v. StarNet Ins. Co.,* 2015 WL 4667540, at *1 (W.D. Okla. Aug. 6, 2015) (citing *N. Tex. Prod Credit Ass 'n v. McCurtain Cnty. Nat'! Bank,* 222 F.3d 800, 817 (10th Cir. 2000).

2

is less than any settlement offer that was tendered to the insured, or when the insure[r] rejects the claim and no judgment is awarded."' *Hamilton v. Nortlifield Ins. Co.*, 761 Fed. Appx. 794, 796 (10th Cir. 2019) (brackets in original) (quoting *Shinault v. Mid-Century Ins. Co.,* 1982 OK 136, 654 P.2d 618, 619).

In Oklahoma, when an insurer has met the requisite conditions of 36 O.S. § 3629, an award of attorneys' fees is mandatory. "'The term 'shall' is a word of command or mandate, with a compulsory and preemptory meaning. It denotes exclusion of discretion and signifies an enforceable duty ... "' *Shadoan* v. *Liberty Mut. Fire Ins. Co.,* 1994 OK CIV APP 182, ii 14, 894 P.2d 1140, 1144 (quoting *Davis* v. *Davis,* 1985 OK 85, n.23, 708 P.2d 1102, 1107, *overruled on other grounds by Lansdale* v. *Hammond,*1994 OK CIV APP 10, 875 P.2d 433). As such, "§ 3629{B) *requires* an award of attorney fees to a prevailing party as defined in that statute." *Id.* at 1144 (emphasis in original); *see also, Regional Air, Inc.* v. *Canal Ins. Co.,* 639 F.3d 1229, 1236 (10th Cir. 2011), *overruled on other grounds by Yousufv. Cohlmia,* 741 F.3d 31, 47 (10th Cir. 2014) ("[O]nce a litigant establishes itself as a prevailing party under § 3629, an award of attorneys' fees and costs *must* follow.") (emphasis in original).

Here, CSAA is entitled to attorneys' fees because it has satisfied all of the requisite conditions of 36 O.S. § 3629. First, as set forth above, Plaintiffs initially submitted their claim under their Policy to CSAA on May 15, 2018. Exhibit 1, at CSAA_COVINGTON 0673. The formal proof of loss was submitted on May 22, 2018. *Id.* at CSAA_ COVINGTON 0201, 0255. CSAA timely responded to Plaintiffs' claim as required under the statute. On July 9, 2018, fifty-six days after initial notification and forty-nine days after

3

the proof of loss, CSAA denied Plaintiffs' claim. *Id.* at CSAA_ COVINGTON 0445. Accordingly, CSAA responded to Plaintiffs' claims well within the statutory time frame.

Finally, this Court granted judgment in favor of CSAA on all claims. [Dkt. No. 78]. Thus, CSAA is the prevailing party and is entitled to an award of its reasonable attorneys' fees under Oklahoma law. Moreover, CSAA is entitled to recover those fees incurred in defending both the contract and bad faith theories since the core issue as to both theories was CSAA's coverage decision as to the insureds' claimed loss. *Taylor* v. *State Farm Fire & Cas. Co.,* 1999 OK 44, 981 P.2d 1253, 1258 (Recovery under § 3629 is predicated upon whether the core element of the insured's claim is recovery of the allegedly insured loss, not upon the theory of liability by which the insured seeks to do so in the lawsuit).

Accordingly, because CSAA's denial of coverage under Plaintiffs' policy was the core element of their lawsuit against CSAA, and because CSAA was the prevailing party within the meaning of § 3629(B) on both Plaintiffs' contract and tort theories based upon that coverage disclaimer, CSAA is entitled to an award of its attorneys' fees under 36 O.S. § 3629.

### B. CSAA's Attorney Fees are Reasonable

Under Oklahoma law, once a Court has determined that a party has satisfied the requirements of the fee statute, the Court must then determine the reasonableness of the fee award. In doing so, the Court implements a two-step process which involves "l) determin[ing] the compensation based on an hourly rate," otherwise known as the "lodestar," and "2) enhanc[ing] the fee through consideration of the factors outlined in *Burk*

*v. Oklahoma City,* 1979 OK 115, 598 P.2d 659 *(Burk* factors)." *Spencer v. Oklahoma Gas & Electric,* 2007 OK 76, 171 P.3d 890, 895. The *Burk* factors include:

1. The time and labor required;
2. The novelty and difficulty of the questions;
3. The skill requisite to perform the legal service;
4. The preclusion of other employment;
5. The customary fee;
6. Whether the fee is fixed or contingent;
7. Time limitations;
8. The amount involved and results obtained;
9. The experience, reputation and ability of the attorneys involved;
10. The risk of recovery;
11. The nature and length of relationship with the client; and
12. Awards in similar causes.

*Id.* at 171 P.3d at 895.

To justify the amount a party seeks, the attorney "must submit detailed time records and offer evidence of the reasonable value of the services performed based on the standards of the legal community in which the attorney practices." *Id.* Here, CSAA submits that it is entitled to $ 49,742.00 in incurred attorneys' fees to date, as well as those to be incurred through the date of the hearing on this Motion. *See* Detail Fee Transaction File List, Exhibit

5

2.[2]  CSAA's counsel billed $185 per hour for its partners, $165 per hour for associates, and $ 85 per hour for paralegals who worked on this matter.[3] Affidavit of F. Gerard F. Pignato, Exhibit 3. The total of $ 49,742.00 reflects $32,800.50 for 177.3 hours billed by partners, $ 14,272.50 for 86.5 hours billed by associates, and $2,669.00 for 31.4 hours billed by paralegals. *Id.; see also,* Exhibit 4, Summary Fee Transaction File List.  These fees were incurred in the course of the duration of the defense of this matter and include fees related to the conduct of discovery, discovery related motions, taking depositions, preparing and presenting witnesses for depositions, dispositive motions, a mediation statement, preparations for mediation, the dispositive motion briefing, pre-trial evidentiary motions, and trial preparation.

      Accordingly, CSAA submits that the amount which it is entitled to recover is $ 49,742.00 incurred to date, plus those fees to be incurred through the date of the hearing on this Motion.

      Based on the circumstances of this case and the length of the litigation, the total hours and rates are reasonable and were necessarily incurred. Moreover, such are within the range of rates usually charged by these firms to its clients for handling lawsuits of this

---

[2] The Detail Fee Transaction File List has been redacted for attorney-client privilege and work product protected information.  This is particularly important given Plaintiffs may seek to appeal the Court's determination.  If it would assist the Court, CSAA would be glad to submit the unredacted exhibit for the Court's in camera review.

[3] The time billed for paralegals is also recoverable under § 3629. *See Taylor v. Chubb Group. Of Ins. Cos.,* 1994 OK 47, ¸i 13, 874 P.2d 806, 809 (Holding there is "no reason to exclude charges in computing statutorily mandated attorney fees where such charges are customarily made to clients," "useful to the client," and "which otherwise would have been performed by a licensed attorney at a higher rate.") ( emphasis omitted).

type, and it is respectfully submitted that such rates conform to, and in some cases are lower than, the prevailing rates in the local legal community for the handling of similar litigation. *See Burk,* 598 P.2d at 663 ("Reasonable value of services should be predicated on the standards within the local legal community."). Counsel for CSAA is well within the local standard since they are only seeking up to $185 per hour. Finally, none of the *Burk* factors support decreasing the lodestar amount; to the contrary, those that apply would suggest the opposite.

In regard to factor number 1, time and labor required, CSAA's counsel was required to expend significant time and energy in properly preparing this case for trial. Although the parties attempted to settle this case, the parties were unable to reach any agreement and CSAA was thus required to expend the funds sought by this motion to defend themselves, including trial preparations.

As regards factor 11, concerning the nature of Defendant's relationship with counsel, the actual amount incurred by CSAA is proper. In determining how the counsel and client relationship affects the lodestar amount, the Oklahoma Supreme Court has noted that it is based on casual or regular employment, holding that "[c]lients who do not routinely employ the attorney should not expect the lower legal fees normally negotiated with clients who regularly hire or retain counsel." *See Wheeler v. Scott,* 1989 OK 106, ¶ 19, 777 P.2d 394, 398. Here, CSAA and its counsel 'negotiated and agreed upon the rates utilized in the defense of this action based upon counsel's previous dealings with CSAA, and therefore not only agreed to, but paid for, a lower hourly rate than might otherwise have been the normal hourly rate for representation by lawyers with similar experience and

reputations in the legal community, based on their previous and ongoing relationship. In this regard, consistent with the Supreme Court's observation in *Wheeler,* the fee sought here is actually than would be customarily expected where such a relationship did not exist, which also bears on consideration as to factor 5 regarding the customary fees charged for litigation of similar complexity and magnitude. Accordingly, based on the above, CSAA's request is reasonable based on the *Burk* factors.

Finally, factor 8, the amount involved and the results obtained, actually mitigates strongly against a reduction and might warrant an enhancement of the fee award. The amount which Plaintiffs expected to recover in this lawsuit, based upon their exorbitant settlement demands, evidences that they anticipated a recovery in this lawsuit far above their actual losses. That the defense in this lawsuit resulted in both CSAA prevailing on all issues suggests that, in relation to the amount involved and the results obtained, no reduction of a fee award from that actually spent by CSAA to prevail is warranted and, instead, an enhancement of that amount may be appropriate.

## CONCLUSION

Based on the above, CSAA respectfully submits that it is entitled to an award of $ 49,742.00 in attorneys' fees incurred to date, plus such amount as may be further incurred through the hearing on this Motion, under 36 O.S. § 3629. CSAA timely submitted its denial to Plaintiffs and was the prevailing parties in the above captioned action. Moreover, based on the lodestar amount and the *Burk* factors, CSAA's requested fee award is clearly reasonable.

Wherefore, CSAA respectfully request this Court enter an Order awarding it the attorneys' fees that they reasonably incurred and are incurring in this matter, and grant such other and further relief, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

*s/ Matthew C. Kane*
Gerard F. Pignato, OBA No. 11473
Matthew C. Kane, OBA No. 19502
Joshua K. Hefner, OBA No. 30870
RYAN WHALEY COLDIRON JANTZEN
  PETERS & WEBBER PLLC
400 North Walnut Avenue
Oklahoma City, Oklahoma 73104
Telephone:   405-239-6040
Facsimile:    405-239-6766
Email:          jerry@ryanwhaley.com
                    mkane@ryanwhaley.com
                    jhefner@ryanwhaley.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2020, I electronically transmitted the attached document to:

Douglas J. Shelton – dshelton@sheltonlawok.com

*s/Matthew C. Kane*
For the Firm

9