IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TAMMY COVINGTON and <br> JEFFREY COVINGTON, <br> <br> Plaintiffs, <br> <br> vs. <br> <br> CSAA FIRE AND CASUALTY <br> INSURANCE, d/b/a AAA FIRE AND <br> CASUALTY INSURANCE COMPANY, INC. <br> <br> Defendant. | Case No. 19-cv-00718-PRW |

## **DEFENDANT'S BRIEF IN SUPPORT OF BILL OF COSTS**

Defendant CSAA Fire and Casualty Insurance Company ("CSAA") submits this Brief in Support of its contemporaneously filed Bill of Costs, pursuant to Fed. R. Civ. P. 54(d)(1) and LCvR 54.1.

### **FACTUAL AND PROCEDURAL BACKGROUND**

This matter concerns a breach of contract and bad faith action filed by Plaintiffs against CSAA on July 19, 2019. On October 23, 2020, this Court entered judgment in favor of CSAA and against Plaintiffs on all claims. Thus, CSAA is clearly the prevailing party in this lawsuit. Defendant has now filed a Bill of Costs pursuant to LCvR 54.1 and submits this brief in support. Defendant incurred filing costs, deposition costs, and the costs of copies used at trial. As demonstrated, these costs are reasonable, necessarily incurred, and should be taxed against Plaintiff in their entirety.

## ARGUMENT AND AUTHORITY

There is a presumption in favor of awarding costs to the prevailing party under Fed. R.Civ.P.54. Costs "should be allowed to the prevailing party."[1] The "prevailing party" is generally "one in whose favor judgment is rendered."[2] Here, a jury returned a verdict in favor of Defendant. Defendant is the prevailing party and should be awarded costs.

The general costs statute at 28 U.S.C. §1920 sets forth the permitted categories of costs. These costs include:

(1) fees of the clerk and marshal;

(2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) fees and disbursements for printing and witnesses;

(4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) docket fees under §1923

(6) Compensation of court appointed experts.

### I.   FEES OF THE CLERK

Court fees are taxable under 28 U.S.C. §1920(1). Defendant is seeking the $400.00 removal fee. This case was initiated in Oklahoma district court for Oklahoma County and then removed by Defendant. This expense is attached to Defendant's Bill of Costs as Exhibit 1.

---

[1] Fed. R. Civ. P. 54 (d)(1).
[2] See *Roberts v. Madigan*, 921 F. 2d 1047, 1058 (10Th Cir. 1990) cert. denied, 505 U.S. 1218 (1992).

**II.     FEES FOR TRANSCRIPTS NECESSARILY OBTAINED**

Pursuant to §1920(2), fees for transcripts "necessarily obtained for use in the case" are taxable as costs. These taxable fees include fees for transcripts of depositions as well as fees for obtaining copies of transcripts of depositions of the prevailing party's witnesses.[3] The 10th Circuit has also held that the costs of both a printed transcript and a video recording of the same deposition may be taxed.[4]

Defendant took the depositions of Plaintiffs and their public adjuster Ian Rupert. Plaintiffs also deposed Alan Heise, CSAA's adjuster, and Alana Hare, CSAA's corporate representative.  Obtaining a copies of those deposition transcripts were a necessary expense.  The total costs sought for these depositions is $10.30. These expenses are attached to Defendant's Bill of Costs as Exhibit 2.

**III.    WITNESS FEES**

Defendant paid Plaintiff's witness Ian Rupert the daily witness fee of $40.00 as well as mileage in the amount of $11.50 (20 miles at $0.575 per mile).  Accordingly, Defendant is entitled to such witness fees in the amount of $ 51.50.  Exhibit 3 to Bill of Costs.

**CONCLUSION**

For the reasons set forth above, the costs detailed in Defendant's Bill of Costs should be taxed against Plaintiff in their entirety, in the total amount of $ 461.80, plus post-

---

[3] *Ramos v. Lamm*, 713 F. 2d 546 (10th Cir. 1983).
[4] See *Titlon v. Capital Cities/ABC. Inc.*, 115 F. 3d 1471 (10th Cir. 1997).

judgment interest on the amount taxed at the rate provided by law from the date of the award until paid, pursuant to 28 U.S.C. § 1961.

                            Respectfully submitted,

                            *s/ Gerard F. Pignato*
                            Gerard F. Pignato, OBA No. 11473
                            Matthew C. Kane, OBA No. 19502
                            Joshua K. Hefner, OBA No. 30870
                            RYAN WHALEY COLDIRON JANTZEN
                              PETERS & WEBBER PLLC
                            400 North Walnut Avenue
                            Oklahoma City, Oklahoma 73104
                            Telephone:  405-239-6040
                            Facsimile:  405-239-6766
                            Email:  jerry@ryanwhaley.com
                                          mkane@ryanwhaley.com
                                          jhefner@ryanwhaley.com

                            **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

     I hereby certify that on November 6, 2020, I electronically transmitted the attached document to:

     Douglas J. Shelton – dshelton@sheltonlawok.com

                            *s/Gerard F. Pignato*
                            For the Firm